IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Cause No. 1:20-cv-763-RP |
| UNIVERSITY OF TEXAS AT AUSTIN; JAMES B. MILLIKEN, Chancellor of the University of Texas System in his Official Capacity; STEVEN LESLIE, Executive Vice Chancellor for Academic Affairs of the University of Texas System in his Official Capacity; DANIEL H. SHARPHORN, Vice Chancellor and General Counsel of the University of Texas System in his Official Capacity; JAY HARTZELL, President of the University of Texas at Austin in his Official Capacity; BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM; DAVID J. BECK, CHRISTINA MELTON CRAIN, KEVIN P. ELTIFE, R. STEVEN HICKS, JODIE LEE JILES, JANIECE LONGORIA, NOLAN PEREZ, KELCY L. WARREN, AND JAMES C. "RAD" WEAVER, as Members of the Board of Regents in Their Official Capacities; DANIEL JAFFE, Interim Executive Vice President and Provost; RACHELLE HERNANDEZ, Senior Vice Provost for Enrollment Management and Student Success; and MIGUEL WASIELEWSKI, Executive Director for Office of Admissions, Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

**DEFENDANTS' MOTION TO DISMISS, IN PART, FOR LACK OF
SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

3648532.v1

TO THE HONORABLE COURT:

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss Plaintiff's Original Complaint, in part, for failure to state a claim and for lack of subject matter jurisdiction.

## I.     Overview

In its Original Complaint, Plaintiff Students for Fair Admissions, Inc. ("SFFA") asserts both federal claims and state law claims for declaratory and injunctive relief against the University of Texas at Austin ("UT Austin"), the Board of Regents of the University of Texas System ("the UT System Board of Regents"), and sixteen of their individual officials.

Under the doctrine of *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984), all of the claims that SFFA asserts under the Texas Constitution and a Texas statute (set forth in Counts V, VI, VII, and VIII) are barred by sovereign immunity under the Eleventh Amendment to the United States Constitution.

Similarly, SFFA's federal claims (set forth in Counts I, II, III, and IV)—at least insofar as they assert claims under 42 U.S.C. §§ 1981 and 1983 against UT Austin and the UT System Board of Regents—are likewise barred by sovereign immunity under the Eleventh Amendment.

Finally, all claims against the officials under 42 U.S.C. § 2000d should be dismissed for failure to state a claim.[1]

## II.    Background

In addition to this Motion to Dismiss, Defendants are also filing on this date their Original Answer, subject to the defenses presented here.  Defendants refer the Court to the Preliminary

---

[1] In addition to the foregoing grounds, Defendants intend to move for dismissal of the entire case for lack of standing at a later date, after an opportunity for jurisdictional discovery from SFFA on that issue.

Statement in that pleading for additional information about SFFA and the litigation that preceded this suit.

For purposes of this motion, the relevant background is straightforward and limited. SFFA has named UT Austin, the UT System Board of Regents,[2] and sixteen separate individuals—each in their official capacities—as defendants in this suit. Notwithstanding some contradictory language in its Complaint,[3] SFFA has asserted all of its causes of action—including under "the Fourteenth Amendment of the U.S. Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, federal civil rights statutes 42 U.S.C. §§1981 and 1983, the Equal Protection Guarantee of the Texas Constitution, the 1972 Equal Rights Amendment to the Texas Constitution, and Texas Civil Practice and Remedies Code §106.001"—against all of the Defendants. (ECF No. 1 at 58-59.)

### III.     Argument

#### A.     SFFA's State Law Claims Are Barred by Sovereign Immunity Under *Pennhurst*.

"The Eleventh Amendment bars private citizens from bringing suit against a state in federal court, unless the suit falls within the narrow exception articulated by the Supreme Court in *Ex parte Young*." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011).

The *Ex parte Young* exception applies only to suits seeking prospective injunctive relief against state officials acting in their official capacity for violations of *federal* law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). "The *Young* exception does not apply to *state* law claims brought against the state." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) (emphasis in original).

---

[2]     The caption of Plaintiff's Complaint misnames the Board as "Board of Regents of the Texas State University System." The correct name is "Board of Regents of the University of Texas System."

[3]     For example, as to its claims under the Texas Constitution, SFFA asserts only that "[t]he individual Defendants can be sued for [the alleged] violations" but nonetheless also specifically complains of UT Austin in setting forth each count. *E.g.*, Orig. Compl. ¶¶ 253, 257–58.

Counts V, VI, VII, and VIII of Plaintiff's Original Complaint allege that the Defendants have violated the Texas Constitution or a Texas statute. (ECF No. 1 at 52–58.) These counts make no claim that Defendants have violated any federal law, and thus are barred by the Eleventh Amendment. "The Supreme Court in *Pennhurst State School and Hospital v. Halderman* held that sovereign immunity barred federal courts from hearing state law claims brought in federal court against state entities." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013).

The Fifth Circuit has held that Defendant UT Austin is "inarguably a state agency that is entitled to sovereign immunity" under the Eleventh Amendment. *Sissom v. Univ. of Tex. High Sch.*, 927 F.3d 343, 348 (5th Cir. 2019) (quoting *Saenz v. Univ. Interscholastic League*, 487 F.2d 1026, 1027 (5th Cir. 1973) and *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)).

The Fifth Circuit has also held that the UT System Board of Regents is an arm of the State of Texas, entitled to Eleventh Amendment immunity. *See Olivier v. Univ. of Tex. Sys.*, 988 F.2d 1209 (5th Cir. 1993) (unpub.) ("An action against the Board as an entity would be barred by the eleventh amendment because the Board is an agency of the State of Texas."); *Texas United States Oil Recovery Site Potentially Responsible Parties Group v. R.R. Comm'n of Tex.*, 898 F.3d 497, 502 (5th Cir. 2018) (holding sovereign immunity applies to the University of Texas System).

All other Defendants are sued in their official capacities as officials of UT Austin or officials of the UT System Board of Regents. "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 121. These official-capacity Defendants are thus entitled to Eleventh Amendment immunity from suit for claims under state law as well. *See, e.g.*, *McKinley*, 643 F.3d at 406 (dismissing claim against the Governor of Texas in his official capacity for alleged violation of Texas Constitution).

In its Original Complaint, SFFA suggests that "[t]he individual Defendants can be sued for violations of the Texas Constitution," citing *Patel v. Texas Department of Licensing and Regulation*, 469 S.W.3d 69, 77 (2015). (ECF No. 1 at 51–54). *Patel* does not address a state official's susceptibility to suit in federal court and thus has no application here. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Anderson*, SA-17-CV-1242-XR, 2018 WL 3017366, at *9 n.7 (W.D. Tex. June 15, 2018) (discussing *Patel* and holding that "[e]ven if Plaintiffs were asserting *ultra vires* official-capacity claims as permitted by Texas law, the fact that a State permits certain claims in its own courts does not establish a waiver of immunity to suit in federal court"). The state law claims are thus "barred by the Eleventh Amendment, regardless of the relief sought." *Id.* at *9.

Accordingly, this Court has no jurisdiction over Counts V, VI, VII, and VIII of Plaintiff's Original Complaint, and these claims must be dismissed.

### B. SFFA's § 1981 and § 1983 Claims Against UT Austin and the UT System Board of Regents are Barred by the Eleventh Amendment and are also Subject to Dismissal for Failure to State a Claim.

Like all of its state law claims, SFFA's claims against UT Austin and the UT System Board of Regents under 42 U.S.C. § 1981 and § 1983 are barred by sovereign immunity as well. They are also subject to dismissal for failure to state a claim.

Because the *Ex parte Young* exception applies only to official-capacity claims against individuals, SFFA may not rely on it for its claims against either of the state entity defendants. *Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 275 (5th Cir. 2020).

To proceed against UT Austin and the UT System Board of Regents under either § 1981 or § 1983, SFFA would need to show "that Congress expressly intended to abrogate [their] sovereign immunity" with respect to these statutes. *Richardson v. Southern Univ.*, 118 F.3d 450, 453 (5th Cir. 1997). But "Congress has not expressly waived sovereign immunity for § 1983 suits," and thus, the claims against UT Austin and the UT System Board of Regents are "subject to the Eleventh Amendment

bar." *Richardson*, 118 F.3d at 453. The same is true for SFFA's claims under § 1981. *Early v. Southern Univ. & Agr. & Mech. Coll. Bd. of Sup'rs*, 252 Fed. App'x 698, 700 (5th Cir. 2007). Thus, both sets of claims must be dismissed for lack of subject matter jurisdiction. *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996).

Even if they were not barred, the claims under § 1981 and § 1983 would also have to be dismissed for failure to state a claim. By its express terms, § 1983 only applies to "persons" acting "under color of" law. 42 U.S.C. § 1983. A state entity defendant is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Washington v. Louisiana*, 425 Fed. App'x 330, 333 (5th Cir. 2011) ("Under Title 42 §§ 1983 and 1985, claimants have a cause of action for civil rights violations only against 'persons.' The State and DPSC are not persons within the meaning of the statutes. Accordingly, the district court properly dismissed Washington's §§ 1983 and 1985 claims against those defendants.").

The failure of the § 1983 cause of action also dooms SFFA's § 1981 claims against these Defendants, because no private right of action against state actors is available under § 1981 beyond what is provided for by § 1983. *See Jones v. Tex. Juvenile Justice Dep't*, 698 Fed. App'x 215, 216 (5th Cir. 2017) ("A claim under Section 1983 is the exclusive remedy for a Section 1981 violation by a state actor.").

### C. SFFA fails to state a claim against the Official Capacity Defendants under Title VI of the Civil Rights Act of 1964.

The proper defendant in a Title VI case is the entity receiving federal financial assistance, not individual employees of that entity. *Price ex rel. Price v. La. Dept. of Educ.*, 329 Fed. App'x 559, 561 (5th Cir. 2009). Accordingly, "claims under [Title VI] may be brought only against the institution receiving federal funds, not employees of those institutions." *Sewell v. Monroe City Sch. Bd.*, No. 18-31086, 2020 WL 5416305, at *2 (5th Cir. Sept. 10, 2020) (citing *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009)).

Because SFFA's claims under Title VI could arise, if at all, only against the state entity defendants and not the officials, the latter set of claims must be dismissed for failure to state a claim.

## IV. Prayer

Defendants respectfully pray that the Court grant this motion and dismiss Counts V, VI, VII, and VIII of Plaintiff's Original Complaint for lack of jurisdiction. Defendants further request that the Court dismiss Counts I, II, III, and IV—in part, as set forth above—for lack of jurisdiction and for failure to state a claim. Finally, Defendants pray for such further and additional relief to which they may show themselves to be justly entitled.

Respectfully Submitted,

GRAVES DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
(512) 480-5725 (phone)
(512) 539-9938 (fax)


By: /s/ Matthew C. Powers
    John J. McKetta, III
    Texas State Bar No. 13711500
    mmcketta@gdhm.com
    Matthew C. Powers
    Texas State Bar No. 24046650
    mpowers@gdhm.com
    William Christian
    State Bar No. 00793505
    wchristian@gdhm.com
    Marianne W. Nitsch
    Texas State Bar No. 24098182
    mnitsch@gdhm.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record for Plaintiff via the Court's electronic filing and service system and also via email service as indicated below, on this the 16th day of October, 2020, as follows:

William S. Consovoy
Cameron T. Norris
Steven C. Begakis
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, Virginia 22209
will@consovoymccarthy.com
cam@consovoymccarthy.com
steven@consovoymccarthy.com

/s/ Matthew C. Powers
Matthew C. Powers