IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC. | § § § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 1:20-cv-00763-RP |
| v. | § | |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, ET AL., | § § | |
| | § | |
| *Defendants*. | § | |

**STATEMENT IN SUPPORT OF DEFENDANTS' SCHEDULING ORDER**

Defendants hereby file this Statement in Support of Defendants' Proposed Scheduling Order and would respectfully show the following:

Pursuant to Local Rule CV-16, on this date the parties are submitting their proposed scheduling orders. The two competing forms of order are identical, except in one significant respect. Whereas Plaintiff believes that discovery should be available on any and all issues immediately, Defendants contend that discovery should be conducted in phases, with the first phase directed to the issues of Plaintiff's standing and Defendants' res judicata defense, only after which discovery on other issues may occur.

Defendants' proposed order (attached as Exhibit B to the parties' Joint Notice of Proposed Scheduling Orders) would include the following paragraph providing for sequenced discovery, which is not present in Plaintiff's proposed scheduling order:

5.      Defendants shall file any dispositive motions concerning standing or res judicata on or before February 25, 2021.  The Court will hear any such motions on March __, 2021. No discovery shall be permitted on any issue other than the issues of jurisdiction or claim preclusion before July 1, 2021, or if earlier, on the date of any ruling on any dispositive motions filed under this paragraph (if the ruling does not dispose of the case).

The purpose of Defendants' proposal is to allow adequate time for them to take discovery on their res judicata and standing challenges, and to have those challenges adjudicated, before they are put to the burden of responding to and engaging in full-blown merits discovery in this case. As laid out below, courts have the discretion and authority to fully or partially stay discovery pending a determination of threshold dispositive issues. Given the history of litigation between these same parties, including the prior disposition of the lawsuits between the parties, this case is a particularly appropriate case for deferring full merits discovery pending a determination of the threshold dispositive issues raised by Defendants.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure contemplates that in an appropriate case, discovery may be conducted in phases, during which discovery may be focused on, or limited to, particular issues. *See* FED. R. CIV. P. 26(f)(3) (directing parties to discuss "whether discovery should be conducted in phases or be limited to or focused on particular issues"). The Fifth Circuit has likewise held that the district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Courts regularly defer full-blown merits discovery during the pendency of a determination on dispositive issues like standing. *See, e.g.*, *Hopwood v. State of Tex.*, 21 F.3d 603, 604 (5th Cir. 1994) (noting that initial discovery in the district court proceedings in *Hopwood* was limited to the issues of standing and ripeness); *Shephard v. Norfolk S. Ry. Co.*, 3:17 CV 1377, 2017 WL 8676459, at *1 (N.D. Ohio Oct. 31, 2017) (ordering "initial discovery limited to the documentation and depositions necessary to complete the record on whether Plaintiffs have standing"); *Knox v. U.S. Dep't of the Interior*, 4:09-CV-162-BLW, 2011 WL 4431814, at *4 (D. Idaho Sept. 22, 2011) ("The Court finds that the discovery focus at this time should be limited to the standing and statute of limitation issues."); *J.A. b/n/f Alvarez*

*v. Tex. Educ. Agency,* 1:19-CV-921-RP-SH, 2020 WL 3270834, at *1 (W.D. Tex. June 17, 2020) (staying discovery during the pendency of Defendants' motion to dismiss asserting "lack of jurisdiction, lack of standing, Eleventh Amendment immunity, and failure to state a claim").

The same is true for the defense of res judicata. *See Burks v. Rushton*, CV 3:08-3025-HMH-JRM, 2009 WL 10703167, at *1 (D.S.C. June 8, 2009) ("[T]he motion to dismiss has the potential to dispose of the case on the issues of res judicata and/or collateral estoppel without the need for discovery such that it is within the court's discretion to stay discovery pending resolution of the dispositive motion on that basis."); *Thompson v. PIG-Tainer Express Corp.*, CIV.A. 15-0232 SRC, 2015 WL 4461535, at *2 (D.N.J. July 20, 2015) ("[T]the Court will stay all discovery except for that which pertains to the limited issues of: statute of limitations; res judicata; collateral estoppel; prior settlements or judgments; and whether subject matter jurisdiction exists based on the amount in controversy.").

Delaying discovery in cases involving the assertion of res judicata furthers the doctrine's policies, which include not only "the finality of judgments" but also the conservation of judicial resources and the "protect[ion of] litigants from multiple lawsuits." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). Likewise, courts frequently note that determining subject matter jurisdiction before commencement of merits discovery in litigation against government defendants protects public resources. *See, e.g., Camacho v. United States*, 12CV956 CAB (BGS), 2014 WL 12026059, at *5 (S.D. Cal. Aug. 15, 2014) ("[I]t would surely be an inefficient use of time and resources for the Government to gather and produce information for an eight-year time span only to have the claim dismissed by the district court for lack of subject matter jurisdiction.").

The posture of the present case weighs particularly in favor of deferring discovery until Defendants' dispositive issues can be decided. This is SFFA's third lawsuit against these defendants in the past three years, and it is the fourth in a series of suits that SFFA's officers and directors have

orchestrated against UT Austin, the UT System, and their respective officials. These suits, collectively, have now occupied the better part of the last twelve years.

SFFA Director Abigail Fisher, working with SFFA's President Edward Blum, first sued UT Austin in this Court in 2008, following UT's denial of her application for admission the same year. That litigation, which lasted from 2008 through 2016, is commonly referred to as *Fisher v. University of Texas*. Ms. Fisher was unsuccessful in that case, losing her arguments in the United States District Court, in the United States Court of Appeals for the Fifth Circuit, and ultimately, in the United States Supreme Court. Each court upheld the validity of UT Austin's admissions program.

Thereafter, SFFA sued Defendants twice in state district court in Travis County, Texas.

The first lawsuit (in which SFFA conducted merits discovery) was dismissed by the district court for lack of standing, because SFFA failed to identify any member who would have had standing to proceed in his or her own right, as required by controlling caselaw. Though SFFA initially appealed that ruling, it later abandoned the appeal and filed another lawsuit. In the subsequent suit, after receiving Defendants' request for the identity of any new standing member—but before ever identifying one—SFFA nonsuited its second case, meaning that none of Defendants' threshold defenses were tested. SFFA had once again retreated and never overcame Defendants' standing challenge. Nor was the res judicata defense adjudicated in either suit, because both suits ended before the issue was reached.

SFFA has had ample opportunity to litigate and conduct discovery in its prior litigation against Defendants. Despite its two prior suits against Defendants, SFFA has never been able to demonstrate any standing to pursue its claims against them. Under these circumstances, and to avoid the unnecessary duplication of prior litigation and waste of public resources, the Court should postpone the commencement of merits discovery until such time as the threshold issues of standing and res judicata can be decided.  Defendants urge the Court to enter their proposed form of Scheduling Order.

Respectfully Submitted,

GRAVES DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas  78701
(512) 480-5725 (phone)
(512) 539-9938 (fax)

By:  /s/ Matthew C. Powers
    John J. McKetta, III
    Texas State Bar No. 13711500
    mmcketta@gdhm.com
    Matthew C. Powers
    Texas State Bar No. 24046650
    mpowers@gdhm.com
    William Christian
    State Bar No. 00793505
    wchristian@gdhm.com
    Marianne W. Nitsch
    Texas State Bar No. 24098182
    mnitsch@gdhm.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and complete copy of the foregoing has been served on the counsel of record shown below on this the 15th day of December, 2020:

William S. Consovoy
J. Michael Connolly
Cameron T. Norris
Steven C. Begakis
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, Virginia 22209
will@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
steven@consovoymccarthy.com

                   /s/ Matthew C. Powers
                  Matthew C. Powers

3663960.v1