**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) ) | Case No. 1:20-cv-763-RP |
| UNIVERSITY OF TEXAS AT AUSTIN, et al. | ) ) ) | |
| *Defendants.* | ) ) ) | |

**ADDENDUM TO PLAINTIFF'S PROPOSED SCHEDULING ORDER**

Defendants ("UT-Austin") seek to prevent Plaintiff Students for Fair Admissions ("SFFA") from conducting discovery until (1) UT-Austin has completed its own discovery, (2) it has filed motions contesting SFFA's standing and ability to bring this case under principles of res judicata, and (3) this Court has ruled on UT-Austin's motions or July 1, 2021, whichever occurs first. Because bifurcating discovery would not serve any interest in judicial economy and would prejudice SFFA, UT-Austin's request to bifurcate discovery should be denied.

**BACKGROUND**

SFFA is an Internal Revenue Code Section 501(c)(3), voluntary membership organization formed for the purpose of defending human and civil rights secured by law, including the right of individuals to equal protection under the law, through litigation and other lawful means. More specifically, SFFA promotes and protects the right of the public to be free from discrimination on the basis of race in higher-education admissions. SFFA's membership includes more than 20,000 students, parents, and others who believe that racial classifications and preferences in college admissions are unfair, unnecessary, and unconstitutional. SFFA has members throughout the country.

SFFA is the leading organization in the country seeking to end racial discrimination in higher education. In November 2014, SFFA sued Harvard University under Title VI of the Civil Rights Act. *See SFFA v. President & Fellows of Harvard Coll. (Harvard Corp.)*, 397 F. Supp. 3d 126, 132 (D. Mass. 2019). SFFA uncovered longstanding discrimination against Asian Americans in the admissions process and found that Harvard used race as more than a "plus" factor, engaged in racial balancing, and failed to employ race-neutral alternatives. SFFA also recently concluded a two-week bench trial against the University of North Carolina at Chapel Hill, challenging the university's use of race in the admissions process. *See SFFA v. Univ. of N.C.*, No. 1:14-cv-954-LCB-JLW (M.D.N.C. 2014). And in October 2020, SFFA moved to intervene in the United States' suit against Yale University, bringing similar claims against the university's race-based admissions process. *See United States v. Yale University*, No. 3:20-cv-1534 (D. Conn. 2020).

SFFA has at least two members who applied for and were denied admission to UT-Austin's 2018 and 2019 entering classes. Compl. ¶ 5. The Applicants are white and were denied the opportunity to compete for admission to UT-Austin on equal footing with other applicants on the basis of race or ethnicity. *Id.* ¶ 6. The Applicants are ready and able to apply to transfer to UT-Austin when it stops discriminating on the basis of race and ethnicity. Compl. ¶ 8. In this case, SFFA seeks, among other relief, a declaratory judgment that UT-Austin racially discriminates in its admissions process and a permanent injunction barring the university from using race as a factor in future undergraduate admissions decisions at UT-Austin. *Id.*, Prayer for Relief.

## ARGUMENT

Bifurcation of discovery "is the exception, rather than rule, and it is clear that in most instances, regular—that is, unbifurcated—discovery is more efficient." *Cent. Transp. Int'l, Inc. v. Gen. Elec. Co.*, 2008 WL 4457707, at *3 (W.D.N.C. Sept. 30, 2008). In most cases, "bifurcating or staying discovery regarding certain issues is not an efficient means of managing litigation because it results in

piecemeal litigation that unnecessarily prolongs the ultimate resolution of the parties' claims." *Gemini Ins. Co. v. Choice Expl., Inc.*, 2018 WL 10399909, at *1 (N.D. Tex. Sept. 4, 2018). The party moving for bifurcation thus "bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Cephalon, Inc. v. Sun Pharm.*, 2013 WL 3417416, at *3 (D.N.J. July 8, 2013); *see, e.g., Gomez v. Niemann & Heyer, L.L.P.*, 2016 WL 8849934, at *1-2 (W.D. Tex. June 13, 2016) (denying bifurcated discovery).

UT-Austin cannot carry its heavy burden of demonstrating that bifurcated discovery is appropriate. *First*, delaying SFFA's discovery until the resolution of UT-Austin's proposed motions will not promote the efficient resolution of this case. UT-Austin seeks to stay SFFA's discovery until the Court determines whether SFFA has Article III standing. But SFFA's standing is not in doubt. Three separate federal courts have held that SFFA possesses standing in nearly identical circumstances. *See SFFA v. Harvard*, 980 F.3d 157, 182-84 (1st Cir. 2020) (SFFA has Article III standing to challenge legality of university's admissions process); *SFFA v. Harvard*, 397 F. Supp. 3d at 183-84 (same); *SFFA v. Harvard*, 346 F. Supp. 3d 174, 190-92 (D. Mass. 2018) (same); *SFFA v. Harvard*, 261 F. Supp. 3d 99, 103-11 (D. Mass. 2017) (same); *SFFA v. Univ. of N.C.*, 2019 WL 4773908, at *5 & n.9 (M.D.N.C. Sept. 30, 2019) (same); *SFFA v. Univ. of N.C.*, 2018 WL 4688388, at *3-6 (M.D.N.C. Sept. 29, 2018) (same).

Similarly, UT-Austin's purportedly dispositive res judicata arguments are meritless. The litigation in *Fisher v. University of Texas at Austin* does not have preclusive effect on SFFA's claims. Ms. Fisher's case arose when UT-Austin rejected her application for admission to the university in 2008. SFFA—which was not even in existence until more than five years after Ms. Fisher filed her complaint—brought this action to protect the rights of its members, two of whom were rejected in 2018 and 2019. Moreover, the *Fisher* case could not possibly have preclusive effect as to whether UT-Austin's *current admissions process* violates federal law, a point the Supreme Court itself made clear.

*See Fisher v. Univ. of Texas at Austin*, 136 S. Ct. 2198, 2209, 2214 (2016) (cautioning against taking any "prospective guidance" from its decision and explicitly warning UT-Austin that "affirmance of the University's admissions policy today does not necessarily mean the University may rely on that same policy without refinement"). Given that UT-Austin's motions are destined to fail, prohibiting SFFA from engaging in discovery would not serve judicial economy or avoid inconvenience.

*Second*, bifurcating discovery would "prejudice [SFFA] by unreasonably delaying the end of this case." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 117 (E.D. La. 1992). UT-Austin has admitted that it considers an applicant's race in its admissions process, and so its actions are subject to strict scrutiny. "Strict scrutiny is a searching examination." *Fisher v. Univ. of Texas at Austin*, 570 U.S. 297, 310 (2013); *see generally SFFA v. Harvard*, 397 F. Supp. 3d at 133-83 (describing extensive facts, witnesses, and documents concerning Harvard's admissions process). These cases can take years. For example, SFFA sued Harvard and the University of North Carolina in November 2014, and those cases still have not been resolved. Importantly, in neither case did the court prevent SFFA from taking discovery so that the universities could first test SFFA's standing. *See, e.g., SFFA v. Harvard*, No. 1:14-cv-14176 (D. Mass. May 4, 2015) (Doc. 35) (Ex. A). Prohibiting SFFA from conducting discovery until UT-Austin is finished with its own discovery would only delay this case and harm SFFA's ability to protect the right of its members to be free from racial discrimination in the admissions process.

At bottom, UT-Austin's arguments are neither unique nor persuasive. *See Blanchard ACLU of Tenn., Inc.*, 2017 WL 5957815, at *3 (W.D. Tenn. Mar. 31, 2017) (refusing to bifurcate discovery because "[p]reliminary issues of standing and subject matter jurisdiction are present in every case," "bifurcation would unduly prolong the case," and defendant's argument that "it may be compelled to undergo extensive, intrusive discovery on other issues before the threshold issues are resolved" did not establish prejudice); *Reed v. AutoNation, Inc.*, 2017 WL 6940519, at *7-8 (C.D. Cal. Apr. 20, 2017) (similar; collecting cases). The Court should deny UT-Austin's request for bifurcated discovery.

Respectfully submitted,

/s/ J. Michael Connolly

William S. Consovoy (*pro hac vice*)
J. Michael Connolly
Cameron T. Norris
Steven C. Begakis (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
steven@consovoymccarthy.com

Dated: December 15, 2020                    *Counsel for Plaintiff Students for Fair Admissions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record for Defendants via the Court's electronic filing and service on December 15, 2020.

/s/ J. Michael Connolly

J. Michael Connolly