IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF TEXAS AT AUSTIN; JAMES B. MILLIKEN, *Chancellor of the University of Texas System in his Official Capacity*; STEVEN LESLIE, *Executive Vice Chancellor for Academic Affairs of the University of Texas System in his Official Capacity*; DANIEL H. SHARPHORN, *Vice Chancellor and General Counsel of the University of Texas System in his Official Capacity*; JAY HARTZELL, *President of the University of Texas at Austin in his Official Capacity*; BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM; DAVID J. BECK, CHRISTINA MELTON CRAIN, KEVIN P. ELTIFE, R. STEVEN HICKS, JODIE LEE JILES, JANIECE LONGORIA, NOLAN PEREZ, KELCY L. WARREN, and JAMES C. "RAD" WEAVER, *as Members of the Board of Regents in Their Official Capacities*; DANIEL JAFFE, *Interim Executive Vice President and Provost*; RACHELLE HERNANDEZ, *Senior Vice Provost for Enrollment Management and Student Success*; and MIGUEL WASIELEWSKI, *Executive Director for Office of Admissions*, <br><br> Defendants. | 1:20-CV-763-RP |

**ORDER**

Before the Court are Plaintiff Students for Fair Admissions, Inc. ("SFFA") and Defendants'[1]

proposed scheduling orders. (Dkt. 16). The parties agree on the dates in their proposed scheduling

---

[1] Defendants are the University of Texas at Austin ("UT Austin"), the Board of Regents of the University of Texas System ("the UT System Board of Regents"), James B. Milliken, Chancellor of the University of Texas

1

orders except as to whether to bifurcate discovery. (*Id.* at 1).  SFFA's proposed order contemplates beginning all discovery immediately, while Defendants' proposed order contends discovery should be conducted in phases. (*Id.*). Defendants propose that the initial phase of discovery should be focused solely on standing and res judicata, with the second phase of discovery beginning after those issues are resolved. (*Id.*). The parties filed briefing in support of their positions, (Dkts. 17, 18), and the Court heard oral argument regarding their positions at the telephonic hearing held on December 17, 2020. (*See* Dkt. 28). Having considered the parties' arguments, the evidence, and the relevant law, the Court finds that Defendants' proposed scheduling order should be entered.

      Rule 26 of the Federal Rules of Civil Procedure contemplates that in an appropriate case, discovery may be conducted in phases, during which discovery may be focused on, or limited to, particular issues. *See* FED. R. CIV. P. 26(f)(3) (directing parties to discuss "whether discovery should be conducted in phases or be limited to or focused on particular issues"). The Fifth Circuit has likewise held that the district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

      After reviewing the parties' arguments regarding standing and res judicata presented in the briefing and at the December 17, 2020 hearing, the Court is persuaded that bifurcated discovery is appropriate and would facilitate a more efficient resolution in this matter. Without commenting on

---

System in his Official Capacity; Steven Leslie, Executive Vice Chancellor for Academic Affairs of the University of Texas System in his Official Capacity; Daniel H. Sharphorn, Vice Chancellor and General Counsel of the University of Texas System in his Official Capacity; Jay Hartzell, President of the University of Texas at Austin in his Official Capacity; David J. Beck, Christina Melton Crain, Kevin P. Eltife, R. Steven Hicks, Jodie Lee Jiles, Janiece Longoria, Nolan Perez, Kelcy L. Warren, and James C. "Rad" Weaver, as Members of the Board of Regents in their Official Capacities; Daniel Jaffe, Interim Executive Vice President and Provost; Rachelle Hernandez, Senior Vice Provost for Enrollment Management and Student Success; and Miguel Wasielewski, Executive Director for Office of Admissions.

the merits of Defendants' arguments, the Court notes that granting dispositive motions based on standing or res judicata could eliminate the need for further discovery.

Defendants propose delaying the second phase of discovery until July 1, or until the Court resolves any dispositive motions related to standing and res judicata, followed by nearly nine months of discovery ending on March 16, 2022. (Defs. Proposed Order, Dkt. 16-2, at 1–2). SFFA's proposed date for the end of discovery is also March 16, 2022. (Pl. Proposed Order, Dkt. 16-1, at 2). Because Defendants have proposed sufficient time for the length of discovery and bifurcated discovery will not create unreasonable delay, the Court finds that Defendants' proposed order does not prejudice SFFA.

Accordingly, pursuant to Federal Rule of Civil Procedure 16, the following Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before February 4, 2021.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before March 12, 2021, and each opposing party shall respond, in writing, on or before March 26, 2021. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before February 4, 2021.

4. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before February 11, 2021.

5. Defendants shall file any dispositive motions concerning standing or res judicata on or before February 25, 2021. The Court will hear any such motions in March 2021. No

discovery shall be permitted on any issue other than the issues of jurisdiction or claim preclusion before July 1, 2021, or if earlier, on the date of any ruling on any dispositive motions filed under this paragraph (if the ruling does not dispose of the case).

6. All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before December 15, 2021. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before January 31, 2022. All parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, 28 days from the receipt of the report of the opposing expert.

7. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **11 days** from the receipt of the written report of the expert's proposed testimony, or within **11 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

8. The parties shall complete all discovery on or before March 16, 2022.

9. All dispositive motions shall be filed on or before April 27, 2022 and shall be limited to 40 pages. Responses shall be filed and served on all other parties not later than 28 days after the service of the motion and shall be limited to 40 pages. Any replies shall be filed and served on all other parties not later than 14 days after the service of the response and shall be limited to 20 pages, but the Court need not wait for the reply before ruling on the motion.

10. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each

11. of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

12. This case is set for bench trial commencing at 9:00 a.m. on September 12, 2022.

By filing an agreed motion, the parties may request that this Court extend any deadlines set in this Order, with the exception of the dispositive motions and the trial date. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

**SIGNED** on January 5, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE