# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS,<br><br>    *Plaintiff*,<br><br><br>                          STIN;<br>JAMES B. MILLIKEN, Chancellor of the University of Texas System in his Official Capacity; STEVEN LESLIE, Executive Vice Chancellor for Academic Affairs of the University of Texas System in his Official Capacity; DANIEL H. SHARPHORN, Vice Chancellor and General Counsel of the University of Texas System in his Official Capacity; JAY HARTZELL, Interim President of the University of Texas at Austin in his Official Capacity; BOARD OF REGENTS OF THE TEXAS STATE UNIVERSITY SYSTEM; DAVID J. BECK, CHRISTINA MELTON CRAIN, KEVIN P. ELTIFE, R. STEVEN HICKS, JODIE LEE JILES, JANIECE LONGORIA, NOLAN PEREZ, KELCY L. WARREN, AND JAMES C. "RAD" WEAVER, as Members of the Board of Regents in Their Official Capacities; DANIEL JAFFE, Interim Executive Vice President and Provost; RACHELLE HERNANDEZ, Senior Vice Provost for Enrollment Management and Student Success; and MIGUEL WASIELEWSKI, Executive Director for Office of Admissions,<br><br>    *Defendants*. | Case No. 1:20-cv-00763-RP |

## DEFENDANT-INTERVENORS' ANSWER TO AMENDED COMPLAINT

Defendant-Intervenors the Texas National Association for the Advancement of Colored

People, the Texas Orange Jackets, the Black Student Alliance, Adaylin Alvarez, Morgan

Bennett, Liz Kufour, Brianna Mallorie McBride, Desiree Ortega-Santiago, Nima Rahman,

Alexandra Trujillo, and Rosaleen Xiong, by and through their undersigned attorneys, file this Answer to the Amended Complaint of Plaintiff Students for Fair Admissions, Inc. ("SFFA" or "Plaintiff").  *See* ECF No. 13.

For ease of reference, Defendant-Intervenors have adopted the headings set forth in the Amended Complaint.  However, Defendant-Intervenors do not admit the factual allegations, if any, contained in those headings.  Except as expressly admitted, Defendant-Intervenors deny each and every allegation contained in the Amended Complaint.

<u>**PRELIMINARY STATEMENT**</u>

In 2016, the U.S. Supreme Court affirmed the constitutionality of Defendant University of Texas as Austin's ("UT-Austin") race-conscious, holistic admissions policy (the "Policy") under the equal protection clause of the U.S. Constitution and Title VI of the Civil Rights Act of 1964.  *Fisher v. Univ. of Tex. at Austin*, 136 S. Ct. 2198 (2016) ("*Fisher II*").  Now, just four years after *Fisher II* and for the third time in as many years, Plaintiff SFFA brings suit once again in an attempt not only to invalidate the Policy as unconstitutionally discriminatory, but also to prohibit admission officials from becoming aware of or learning of an applicants' race— thereby impairing the ability of students of color to fully convey their talents and worth in their applications to UT-Austin.  SFFA's claims fail as matter of both law and fact.

Defendant-Intervenors are current and prospective students of color, and organizations serving students of color, who recognize the well-documented benefits of a diverse student body and who have a clear interest in fostering those benefits at UT-Austin.  Unfortunately, the prospect of admission to UT-Austin is not and never has been a level playing field upon which students of different backgrounds, races, and ethnicities have an equal opportunity to participate and succeed.  As a result, there is a genuine and urgent need for race-conscious admissions

policies that address this inequity, and thus enable universities like UT-Austin to achieve its compelling interest in a diverse student body.

SFFA's allegations reflect a lamentable ignorance of this need.  Although SFFA professes a desire only for "race neutral" policies, SFFA ignores the fact that such policies are anything but neutral, because they ignore the hurdles that Black and other historically underserved applicants have had to overcome.  Moreover, the remedy that SFFA requests in this case would make its own ignorance mandatory and court-ordered.   Indeed, in seeking an injunction that forbids admissions officials from ever "be[ing] aware of or learn[ing]" an applicants' race, ECF No. 13, ¶ 244(d), Plaintiff asks this Court not only to require UT-Austin to ignore the racial barriers that many of its applicants have overcome—but also to affirmatively censor those students who elect to talk about their racial identity and racialized experiences in their applications.  Such a remedy would not only be unprecedented, it would violate the First Amendment rights of those applicants.

The educational benefits of a diverse student body remain as compelling today as they were when first recognized by Justice Powell in *Regents of the University of California v. Bakke*, 438 U.S. 265 (1978).  And, certainly, SFFA's claims are no more meritorious now than they were four years ago, when the Supreme Court rejected them in *Fisher II*.  And yet, Defendant-Intervenors agree with SFFA on one point—too often the benefits of a diverse student body have not been realized.  So it is with UT-Austin.  Although the University administration has recently taken steps designed to create a diverse study body, more sustained progress is needed as Black/African American, Hispanic/Latinx, and other ethnic and racial minorities remain underrepresented on campus.  Contrary to SFFA's suggestion, however, the solution is not to blindfold university officials and further disadvantage such applicants by increasing reliance on

standardized testing and other ostensibly "race neutral" metrics.  Instead, UT-Austin must

preserve and continue to build upon policies such as race-conscious admissions that are

meaningfully cultivating a "richly diverse" student body that UT-Austin correctly identifies as

"key" to achieving its educational mission.

## ADMISSIONS AND DENIALS

To the extent the introductory paragraph of the Amended Complaint contains factual

allegations, Defendant-Intervenors deny those allegations.  Defendant-Intervenors respond to the

numbered allegations in the Amended Complaint as follows:

### I.   Jurisdiction and Venue

1.    Defendant-Intervenors deny that the Court possesses subject-matter jurisdiction

over Plaintiff's claims in this case.

2.    Defendant-Intervenors admit that venue is proper in the Western District of

Texas.

### II.   The Parties

#### A.   Plaintiff

3.    Defendant-Intervenors lack knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.    Defendant-Intervenors lack knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.    Defendant-Intervenors lack knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint.

6.    Defendant-Intervenors lack knowledge or information sufficient to form a belief

as to the truth of the allegations regarding Applicants' race and deny the remaining allegations

contained in Paragraph 6 of the Amended Complaint.

7.      Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Applicants' readiness to apply to transfer and deny the remaining allegations and implications contained in Paragraph 8 of the Amended Complaint

**B.      Defendants**

9.      Defendant-Intervenors admit the allegations contained in Paragraph 9 of the Amended Complaint.

10.     Defendant-Intervenors admit the allegations contained in Paragraph 10 of the Amended Complaint.

11.     Defendant-Intervenors admit the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendant-Intervenors admit the allegations with respect to the individual identified and his position.  Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13.     Defendant-Intervenors admit the allegations with respect to the individual identified and his position.  Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14.     Defendant-Intervenors admit the allegations with respect to the individual identified and his position.  Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15.     Defendant-Intervenors admit the allegations with respect to the individual

identified and his position.  Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16.     Defendant-Intervenors admit the allegations with respect to the individual identified and his position.  Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17.     Defendant-Intervenors admit the allegations with respect to the individual identified and her position.  Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18.     Defendant-Intervenors admit the allegations with respect to the individual identified and his position.  Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

III.     The History UT Austin's Admissions Policies

A.     Pre-1997

19.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint. However, to the extent that Paragraph 19 implies the University of Texas historically *favored* minority applicants in the admissions process, Defendant-Intervenors deny that implication as contrary to historical and judicially noticeable facts.  Defendant-Intervenors note that the University did not admit any Black undergraduate students until forced to do so years following the Supreme Court's landmark decision in *Brown v. Board of Education of Topeka*, 347 U.S. 483 (1954).

20.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint.

**B.     1997**

22.     Defendant-Intervenors admit that the Fifth Circuit decided *Hopwood v. Texas*, 78 F.3d 932 (5th Cir. 1996) in 1996.  The remainder of Paragraph 22 states conclusions of law that requires no response.

23.     Defendant-Intervenors admit that, in part, UT-Austin ceased using race as a factor as a result of the *Hopwood* decision but that the opinion of the Attorney General of Texas prohibiting the consideration of race may also have played a factor in that decision as *Hopwood* applied to the law school and, thereby lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint.

**C.     1998-2004**

29.     Defendant-Intervenors admit that in 1997, the Texas Legislature passed House Bill 588, Tex. Educ. Code § 51.803 (1997), often referred to as the "Top Ten Percent Plan," but otherwise deny the remaining allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint.

**D.     2004-2008**

38.     Defendant-Intervenors deny the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendant-Intervenors admit that the Supreme Court decided *Grutter v. Bollinger*,

539 U.S. 306 (2003) on June 23, 2003, but otherwise deny SFFA's characterization of the opinion.

40.    Defendant-Intervenors deny SFFA's characterization of the *Grutter* opinion.

41.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint.

42.    Defendant-Intervenors admit the allegations contained in Paragraph 42 of the Amended Complaint.

43.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint.

44.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint.

45.    Defendant-Intervenors lack knowledge or information deny the allegations contained in Paragraph 45 of the Amended Complaint.

46.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Amended Complaint.

47.    Defendant-Intervenors admit the allegations contained in Paragraph 47 of the Amended Complaint.

**E.    2008-2016**

48.    Defendant-Intervenors admit the allegations contained in Paragraph 48 of the Amended Complaint.

49.    Defendant-Intervenors admit the allegations contained in the first sentence of Paragraph 49 of the Amended Complaint, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the Paragraph.

50.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Amended Complaint.

51.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the Amended Complaint.

52.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the Amended Complaint.

53.     Defendant-Intervenors admit the factual allegations contained in Paragraph 53 of the Amended Complaint but otherwise deny SFFA's characterization of the Supreme Court's opinion.

54.     Defendant-Intervenors admit that *Fisher v. Univ. of Tex. at Austin*, 570 U.S. 297, 310 (2013) ("*Fisher I*") resulted in remand, but otherwise deny SFFA's characterization of the Supreme Court's opinion in Paragraph 54 of the Amended Complaint.

55.     Defendant-Intervenors deny that the first sentence of Paragraph 55 of the Amended Complaint quotes the Supreme Court's decision in *Fisher I*, and otherwise deny SFFA's characterization of the Supreme Court's opinion.

56.     Defendant-Intervenors admit that Paragraph 56 of the Amended Complaint quotes a portion of Justice Scalia's concurring opinion in *Fisher I*, but otherwise deny SFFA's characterization of Justice Scalia's opinion.

57.     Defendant-Intervenors admit that Paragraph 57 of the Amended Complaint quotes a portion of Justice Thomas's concurring opinion in *Fisher I*, but otherwise deny SFFA's characterization of Justice Thomas's opinion.

58.     Defendant-Intervenors admit that Judge Ginsburg filed a dissent in *Fisher I*, but otherwise deny SFFA's characterization of Justice Ginsburg's opinion in Paragraph 58 of the

Amended Complaint.

59.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Complaint.

60.     Defendant-Intervenors admit the factual allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendant-Intervenors admit that Paragraph 61 quotes portions of the Supreme Court's decision in *Fisher II*, but otherwise deny SFFA's characterization of the Supreme Court's opinion.

62.     Defendant-Intervenors admit that Paragraph 62 quotes portions of the Supreme Court's decision in *Fisher II*, but otherwise deny SFFA's characterization of the Supreme Court's opinion.

63.     Defendant-Intervenors admit that Paragraph 63 quotes portions of the Supreme Court's decision in *Fisher II*, but otherwise deny SFFA's characterization of the Supreme Court's opinion.

64.     Defendant-Intervenors admit that Paragraph 64 of the Amended Complaint quotes a portion of Justice Thomas's dissent in *Fisher II*, but otherwise deny SFFA's characterization of Justice Thomas's opinion.

65.     Defendant-Intervenors admit that Paragraph 65 of the Amended Complaint quotes a portion of Justice Thomas's dissent in *Fisher II*.

66.     Defendant-Intervenors admit that Justice Alito dissented in *Fisher II*, but otherwise deny SFFA's characterization of Justice Alito's opinion in Paragraph 66 of the Amended Complaint.

67.     Defendant-Intervenors admit that Paragraph 67 of the Amended Complaint quotes

a portion of Justice Alito's dissent in *Fisher II*.

      **F.**      **The Kroll Report: Uncovering Admissions Preferences for the Privileged**

      68.      Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Amended Complaint.

      69.      Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Amended Complaint.

      70.      Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Amended Complaint.

      71.      Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Amended Complaint.

      72.      Defendant-Intervenors admit the existence of the Kroll Report, but otherwise deny SFFA's characterization of the Report.

      73.      Defendant-Intervenors admit the allegations contained in the Paragraph 73 of the Amended Complaint to the extent it may contain any factual allegations, but deny SFFA's characterization of the *Fisher II* opinion.

      74.      Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Amended Complaint.

      75.      Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Amended Complaint.

      76.      Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint.

      77.      Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendant-Intervenors deny the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Defendant-Intervenors deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Defendant-Intervenors deny the allegations contained in Paragraph 82 of the Amended Complaint.

83.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Amended Complaint.

84.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Defendant-Intervenors admit that the allegations contained in the last sentence of Paragraph 85 of the Amended Complaint were publicly reported, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Paragraph.

**G.     Post-*Fisher II***

86.     Defendant-Intervenors admit the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Defendant-Intervenors admit that Paragraph 87 quotes portions of public statements made by former UT Austin President Gregory Fenves on June 23, 2016.

88.     Defendant-Intervenors admit that UT Austin released its UDIAP in March 2017 but otherwise deny SFFA's remaining characterization of the UDIAP.

89.     Defendant-Intervenors admit that the majority of UT Austin's entering freshman class is admitted through the Top Ten Percent Plan and non-white, but otherwise deny the allegations in Paragraph 89.

90.     Defendant-Intervenors admit that Paragraph 90 quotes portions of the 2017 UDIAP but otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90.

91.     Defendant-Intervenors admit that applicants to UT Austin for first-year undergraduate admission may select from among the racial categories appearing in the ApplyTexas and Coalition for College application forms, but otherwise deny the allegations contained Paragraph 91 of the Amended Complaint.

92.     Defendant-Intervenors deny the allegations contained Paragraph 92 of the Amended Complaint.

93.     Defendant-Intervenors admit the allegations contained in the Paragraph 93 of the Amended Complaint.

94.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Paragraph 94 of the Amended Complaint.

95.     Defendant-Intervenors admit that Paragraph 95 of the Amended Complaint quotes portions of Section 51.803(k)(1) of the Texas Education Code.

96.     Defendant-Intervenors deny the allegations contained Paragraph 96 of the Amended Complaint.

97.     Defendant-Intervenors lack knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 97.

98.     Defendant-Intervenors admit that UT Austin reports that all factors in its admission decisions are "very important" but deny the remaining allegations and characterizations in Paragraph 98.

**IV.     Plaintiff's Proposed Alternatives**

**A.     Combination of the Top Ten Percent Plan and Race-Neutral Holistic Admissions**

99.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Amended Complaint.

100.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Amended Complaint.

101.     Defendant-Intervenors admit that the allegations contained in Paragraph 101 of the Amended Complaint reflect the information listed in the table in Paragraph 100 of the Amended Complaint, but lack knowledge or information sufficient to form a belief as to the truth of the table.

102.     Defendant-Intervenors admit that the allegations contained in Paragraph 102 of the Amended Complaint reflect the information listed in the table in Paragraph 100 of the Amended Complaint, but lack knowledge or information sufficient to form a belief as to the truth of the table.

103.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

104.     Defendant-Intervenors admit that the allegations contained in Paragraph 104 of the Amended Complaint reflect the information listed in the table in Paragraph 103 of the

Amended Complaint, but lack knowledge or information sufficient to form a belief as to the truth of the table.

105.    Defendant-Intervenors admit that the allegations contained in Paragraph 105 of the Amended Complaint reflect the information listed in the table in Paragraph 103 of the Amended Complaint, but lack knowledge or information sufficient to form a belief as to the truth of the table.

106.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Amended Complaint.

107.    Defendant-Intervenors deny the allegations contained in Paragraph 107 of the Amended Complaint.

108.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Amended Complaint.

109.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Amended Complaint.

110.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Amended Complaint.

111.    Defendant-Intervenors deny the allegations contained in Paragraph 111 of the Amended Complaint.

112.    Defendant-Intervenors deny the allegations contained in Paragraph 112 of the Amended Complaint.

**B.    Additional Race-Neutral Alternatives**

113.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Amended Complaint.

114.    Defendant-Intervenors deny the allegations contained in Paragraph 114 of the Amended Complaint.

115.    Defendant-Intervenors deny the allegations in Paragraph 115 of the Amended Complaint.

116.    Defendant-Intervenors deny the first two allegations in Paragraph 116 of the Amended Complaint and assert that the elimination of admissions policies and practices that operate to disadvantage minority applicants may assist in improving racial diversity but cannot replace the consideration of race by UT, but otherwise deny the characterization of the allegations in Paragraph 116.

117.    Defendant-Intervenors deny the allegations contained in Paragraph 117 of the Amended Complaint.

      **1.   UT-Austin Can Achieve Student Body Diversity Without Using Race as a Factor in Admissions Decisions by Making Greater Use of Non-Racial Preferences.**

118.    Defendant-Intervenors deny the allegations in the first sentence of Paragraph 118 of the Amended Complaint and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118.

119.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Amended Complaint.

120.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Amended Complaint.

121.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Amended Complaint.

122.    Defendant-Intervenors lack knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 122 of the Amended Complaint.

123.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Amended Complaint.

124.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Amended Complaint.

125.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Amended Complaint.

126.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of  the allegations contained in Paragraph 126 of the Amended Complaint.

127.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Amended Complaint.

128.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified studies contained in Paragraph 128 of the Amended Complaint.

129.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Amended Complaint.

130.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Amended Complaint.

131.    Defendant-Intervenors deny the allegations contained in Paragraph 131 of the Amended Complaint.

> **2. UT-Austin Can Achieve Student Body Diversity Without Using Race as a Factor in Admissions Decisions by Making Greater Use of Financial Aid and Scholarships to Attract Minority Candidates.**

132.    Defendant-Intervenors lack knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 132 of the Amended Complaint.

133.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Amended Complaint.

134.    Defendant-Intervenors admit that the allegations contained in Paragraph 134 of the Amended Complaint.

135.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Amended Complaint.

136.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding UT Austin's financial position, but otherwise deny the allegations contained in Paragraph 136 of the Amended Complaint.

> **3. UT-Austin Can Achieve Student Body Diversity Without Using Race as a Factor in Admissions Decisions Through Increased Recruitment and Other Steps Designed to Encourage More Qualified Minority Students to Apply for Admission.**

137.    Defendant-Intervenors deny the allegations in Paragraph 137 of the Amended Complaint.

138.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Amended Complaint.

139.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Amended Complaint.

140.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Amended Complaint.

141.    Defendant-Intervenors admit that UT-Austin can and should do more to recruit minority students, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Amended Complaint.

142.     Defendant-Intervenors deny the allegations contained in Paragraph 142 of the Amended Complaint.

### 4. UT-Austin Can Achieve Student Body Diversity Without Using Race as a Factor in Admissions Decisions Through Elimination of Admissions Policies and Practices that Harm Minorities.

143.     Defendant-Intervenors admit that UT-Austin's admissions practices and polices do not do enough to achieve student body diversity, but otherwise deny the allegations contained in Paragraph 143 of the Amended Complaint.

144.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Amended Complaint.

145.     Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Amended Complaint.

146.     Defendant-Intervenors deny the allegations contained in Paragraph 146 of the Amended Complaint.

### 5. Achieving Student Body Diversity Through Race-Neutral Means Eliminates the Serious Harms Caused by Racial Preferences.

147.     Defendant-Intervenors deny the allegations contained in Paragraph 147 of the Amended Complaint.

148.     Paragraph 148 of the Amended Complaint states a conclusion of law, which requires no response.

149.     Defendant-Intervenors deny the allegations contained in Paragraph 149 of the Amended Complaint.

150.     Defendant-Intervenors admit that students come from different cultures, experiences, and backgrounds but otherwise deny the remaining allegations contained in Paragraph 150 of the Amended Complaint.

151.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Amended Complaint.

152.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Amended Complaint.

153.    Defendant-Intervenors admit the allegations in the first sentence in that students of certain ethnicities may be different in some ways from students in other ethnicities but otherwise lack knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 153 of the Amended Complaint.

154.    Defendant-Intervenors admit the allegations in that student diversity exists within broad categorical labels identified but otherwise lack knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 154 of the Amended Complaint.

155.    Defendant-Intervenors deny the allegations contained in Paragraph 155 of the Amended Complaint.

156.    Defendant-Intervenors deny the allegations contained in Paragraph 156 of the Amended Complaint.

157.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Amended Complaint.

158.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Amended Complaint.

159.    Defendant-Intervenors deny the allegations contained in Paragraph 159 of the Amended Complaint.

160.    Defendant-Intervenors deny the allegations contained in Paragraph 160 of the

Amended Complaint.  .

161.    Defendant-Intervenors deny the allegations contained in Paragraph 161 of the Amended Complaint.

162.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Amended Complaint.

163.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Amended Complaint.

164.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Amended Complaint.

165.    Defendant-Intervenors deny the allegations in Paragraph 165 of the Amended Complaint.

166.    Defendant-Intervenors deny the allegations contained in Paragraph 166 of the Amended Complaint.

167.    Defendant-Intervenors deny the allegations contained in Paragraph 167 of the Amended Complaint.

**V.    Racial Balancing Allegations**

168.    Defendant-Intervenors deny the allegations contained in Paragraph 168 of the Amended Complaint.

169.    Defendant-Intervenors deny the allegations contained in Paragraph 169 of the Amended Complaint.

170.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Amended Complaint.

171.    Defendant-Intervenors lack knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 170 of the Amended Complaint.

172.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Amended Complaint.

173.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Amended Complaint.

174.    Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Amended Complaint.

175.    Defendant-Intervenors deny the allegations contained in Paragraph 175 of the Amended Complaint.

## VI.    Governing Law

176.    Defendant-Intervenors admit that Paragraph 176 accurately quotes portions of the Fourteenth Amendment.

177.    Defendant-Intervenors admit that Paragraph 177 accurately quotes portions of Section 1981 of Title 42 of the U.S. Code.

178.    Defendant-Intervenors admit that Paragraph 178 accurately quotes portions of Section 1983 of Title 42 of the U.S. Code.

179.    Defendant-Intervenors admit that Paragraph 179 accurately quotes portions of Title VI of the Civil Rights Act of 1964.

180.    Defendant-Intervenors admit that Paragraph 180 of the Amended Complaint accurately quotes portions of the Civil Rights Act of 1964.

181.    Paragraph 181 of the Amended Complaint states a conclusion of law that requires no response.

182.    Paragraph 182 of the Amended Complaint states a conclusion of law that requires

no response.

183.    Paragraph 183 of the Amended Complaint states a conclusion of law that requires no response.

184.    Paragraph 184 of the Amended Complaint states a conclusion of law that requires no response.

185.    Paragraph 185 of the Amended Complaint states a conclusion of law that requires no response.

186.    Paragraph 186 of the Amended Complaint states a conclusion of law that requires no response.

187.    Paragraph 187 of the Amended Complaint states a conclusion of law that requires no response.

188.    Paragraph 188 of the Amended Complaint states a conclusion of law that requires no response.

189.    Paragraph 189 of the Amended Complaint states a conclusion of law that requires no response.

190.    Paragraph 190 of the Amended Complaint states a conclusion of law that requires no response.

191.    Paragraph 191 of the Amended Complaint states a conclusion of law that requires no response.

192.    Paragraph 192 of the Amended Complaint states a conclusion of law that requires no response.

193.    Paragraph 193 of the Amended Complaint states a conclusion of law that requires no response.

194.     Paragraph 194 of the Amended Complaint states a conclusion of law that requires no response.

195.     Paragraph 195 of the Amended Complaint states a conclusion of law that requires no response.

196.     Paragraph 196 of the Amended Complaint states a conclusion of law that requires no response.

197.     Paragraph 197 of the Amended Complaint states a conclusion of law that requires no response.

**VII.     Claims for Relief**

198.     Defendant-Intervenors deny the allegations contained in Paragraph 198 of the Amended Complaint.

## Count I

199.     Defendant-Intervenors REPEAT and REALLEGE the responses to every allegation set forth in the preceding paragraphs in response to the allegations contained in Paragraph 199 of the Amended Complaint.

200.     Defendant-Intervenors deny the allegations contained in Paragraph 200 of the Amended Complaint.

201.     Defendant-Intervenors deny the allegations contained in Paragraph 201 of the Amended Complaint.

202.     Defendant-Intervenors deny the allegations contained in Paragraph 202 of the Amended Complaint.

203.     Defendant-Intervenors deny the allegations contained in Paragraph 203 of the Amended Complaint.

204.    Defendant-Intervenors deny the allegations contained in Paragraph 204 of the Amended Complaint.

205.    Defendant-Intervenors deny that Plaintiff is entitled to a declaratory judgment, permanent injunction, or any other relief whatsoever.

206.    Paragraph 206 of the Amended Complaint states a conclusion of law and a description of SFFA's claims, which requires no response.

207.    Defendant-Intervenors deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief whatsoever.

### **Count II**

208.    Defendant-Intervenors REPEAT and REALLEGE the responses to every allegation set forth in the preceding paragraphs in response to the allegations contained in Paragraph 208 of the Amended Complaint.

209.    Defendant-Intervenors deny the allegations contained in Paragraph 209 of the Amended Complaint.

210.    Paragraph 206 of the Amended Complaint states conclusions of law that require no response.

211.    Defendant-Intervenors deny the allegations contained in Paragraph 211 of the Amended Complaint.

212.    Defendant-Intervenors deny the allegations contained in Paragraph 212 of the Amended Complaint.

213.    Defendant-Intervenors deny the allegations contained in Paragraph 213 of the Amended Complaint.

214.    Defendant-Intervenors deny the allegations contained in Paragraph 214 of the

Amended Complaint.

215.    Paragraph 215 of the Amended Complaint states conclusions of law, which require no response.  To the extent a response is required, Defendant-Intervenors deny the allegations contained in Paragraph 215 of the Amended Complaint.

216.    Defendant-Intervenors deny that Plaintiff is entitled to any relief whatsoever.

217.    Paragraph 217 of the Amended Complaint states a conclusion of law and a description of Plaintiff's claims, which requires no response.

218.    Defendant-Intervenors deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief.

### Count III

219.    Defendant-Intervenors REPEAT and REALLEGE the responses to every allegation set forth in the preceding paragraphs in response to the allegations contained in Paragraph 219 of the Amended Complaint.

220.    Defendant-Intervenors deny the allegations contained in Paragraph 220 of the Amended Complaint.

221.    Paragraph 221 of the Amended Complaint states conclusions of law that require no response.  To the extent a response is required, Defendant-Intervenors deny the allegations contained in Paragraph 221 of the Amended Complaint.

222.    Defendant-Intervenors deny the allegations contained in Paragraph 222 of the Amended Complaint.

223.    Defendant-Intervenors deny the allegations contained in Paragraph 223 of the Amended Complaint.

224.    Defendant-Intervenors deny the allegations contained in Paragraph 224 of the

Amended Complaint.

225.    Defendant-Intervenors deny the allegations contained in Paragraph 225 of the Amended Complaint.

226.    Paragraph 226 of the Amended Complaint states a conclusion of law and a description of Plaintiff's claim, which requires no response.

227.    Defendant-Intervenors deny that Plaintiff is entitled to any relief.

228.    Paragraph 227 of the Amended Complaint states a conclusion of law and a description of Plaintiff's claim, which requires no response.

229.    Defendant-Intervenors deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief.

<strong><u>Count IV</u></strong>

230.    Defendant-Intervenors REPEAT and REALLEGE the responses to every allegation set forth in the preceding paragraphs in response to the allegations contained in Paragraph 230 of the Amended Complaint.

231.    Defendant-Intervenors deny the allegations contained in Paragraph 231 of the Amended Complaint.

232.    Defendant-Intervenors deny the allegations contained in Paragraph 232 of the Amended Complaint.

233.    Defendant-Intervenors deny the allegations contained in Paragraph 233 of the Amended Complaint, to the extent it may contain any factual allegations.

234.    Defendant-Intervenors deny the allegations contained Paragraph 234 of the Amended Complaint regarding the Supreme Courts jurisprudence, and to the extent Plaintiff's statements contain factual allegations, Defendant-Intervenors lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 234.

235.   Defendant-Intervenors deny the allegations contained in Paragraph 235 of the Amended Complaint.

236.   Defendant-Intervenors deny the allegations contained in the first two sentences of Paragraph 236 of the Amended Complaint.  Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 236.

237.   Defendant-Intervenors deny the allegations contained in Paragraph 237 of the Amended Complaint.

238.   Defendant-Intervenors deny the allegations contained in Paragraph 238 of the Amended Complaint.

239.   Defendant-Intervenors deny the allegations contained in Paragraph 239 of the Amended Complaint.

240.   Defendant-Intervenors deny the allegations contained in Paragraph 240 of the Amended Complaint.

241.   Paragraph 241 of the Amended Complaint states conclusions of law that require no response.  To the extent a response is required, Defendant-Intervenors deny the allegations contained in Paragraph 241 of the Amended Complaint.

242.   Defendant-Intervenors deny that Plaintiff is entitled to any relief.

243.   Paragraph 243 of the Amended Complaint states a conclusion of law and a description of Plaintiff's claim, which requires no response.

244.   Defendant-Intervenors deny that Plaintiff is entitled to attorneys' fees, costs, or

any other relief.

Defendant-Intervenors also deny that Plaintiff is entitled to any of the relief requested in the Amended Complaint's Prayer for Relief.

### Affirmative Defenses

1.      SFFA's claims fail for lack of subject matter jurisdiction, including for lack of standing.

2.      SFFA has failed to state a claim upon which relief can be granted.

3.      SFFA's claims are barred by res judicata and collateral estoppel.

4.      SFFA has failed to allege irreparable harm or any other basis upon which to receive any form of injunctive relief.

5.      SFFA's claims are barred, in whole or in part, in part, by the Eleventh Amendment to the United States Constitution, the doctrine of sovereign immunity, and *Ex parte Young*, 209 U.S. 123 (1908).

6.      SFFA cannot prove any facts showing that the University's conduct was the proximate cause of any harm or damages alleged in the Complaint, which are denied.

7.      SFFA's requested relief violates the freedom of expression rights of Defendant-Intervenors and future applicants to the University of Texas under Article 1 of the U.S. Constitution.

8.      To the extent SFFA challenges any action occurring before the applicable statute of limitations period, that challenge is time barred.

9.      Defendant-Intervenors reserve the right to assert additional affirmative defenses as they become known through discovery.

**WHEREFORE**, Defendant-Intervenors respectfully request that the Court enter judgment in their favor and award them the costs of this action, together with attorneys' fees, expert fees, and such other relief as the Court may deem just and proper.

So dated this 16th day of December, 2020.

*/s/ Brian C. Pidcock*
Brian C. Pidcock
State Bar No. 24074895
**HUNTON ANDREWS KURTH LLP**
600 Travis St.
Houston, TX 77002
Tel. (713) 220-4200
cameronpope@HuntonAK.com
brianpidcock@HuntonAK.com

David Hinojosa
State Bar No. 24010689
(*W.D. Tex. application pending submission*)
Genevieve Bonadies Torres*
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street, NW, Suite 900
Washington, DC 20005
Tel. (202) 662-8600
dhinojosa@lawyerscommittee.org
gbonadies@lawyerscommittee.org

Ryan P. Phair*
Carter C. Simpson*
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
Tel. (202) 955-1500
rphair@huntonak.com
csimpson@huntonak.com

Alan R. Kabat*
**BERNABEI & KABAT, PLLC**
1400 - 16th Street, N.W., Suite 500
Washington, D.C. 20036-2223
Tel. (202) 745-1942 (ext. 242)
Kabat@BernabeiPLLC.com

*Pro hac vice* application pending

*Attorneys for proposed Student and
Organizational Defendant-Intervenors*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 16, 2020, I filed a true and correct copy of the foregoing document via the Court's electronic-filing system, which will send electronic notification of such filing to all counsel of record in this action.

*/s/ Brian C. Pidcock*
Brian C. Pidcock