**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 1:20-cv-763-RP |
| UNIVERSITY OF TEXAS AT AUSTIN, et al. | ) ) ) | |
| *Defendants.* | ) ) ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES**
**TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Students for Fair Admissions, Inc. ("SFFA") submits the following objections and responses to the Defendants' (collectively "UT") First Interrogatories to Plaintiff, dated December 23, 2020.

**GENERAL OBJECTIONS**

SFFA makes the following general objections to UT's First Interrogatories to Plaintiff, which apply to each interrogatory regardless whether the general objections are expressly incorporated into the specific objections below.

1.      SFFA objects to each interrogatory to the extent it calls for information that is protected from discovery by the attorney-client privilege, the work-product doctrine, constitutional and associational privileges, including the First Amendment right to associational privacy of SFFA and its members, or that are otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the relevant statutory or case law, or any other applicable privilege. Inadvertent production of such information or document(s) shall not be deemed a waiver

EXHIBIT P, PAGE 1

of any privilege or immunity, and SFFA reserves all of its rights to seek the return, destruction, or other protection of such inadvertently produced information.

2.      SFFA objects to UT's definitions and instructions to the extent they seek to impose any requirements or obligations in addition to or different from those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

3.      SFFA objects to each interrogatory to the extent it requests SFFA to analyze documents or other information that is not within the possession, custody, or control of SFFA, or to prepare any document or other information that does not already exist.

4.      SFFA objects to UT's definitions of "You" and "Your" to the extent that these definitions purport to include persons or entities other than SFFA, which are not parties to this action.

5.      SFFA objects to each interrogatory to the extent it calls for production of confidential and/or proprietary information of SFFA prior to entry of a suitable protective order by the Court.

6.      SFFA objects to each interrogatory to the extent it calls for confidential and/or proprietary information of any individual or entity other than SFFA.

7.      SFFA objects to each interrogatory to the extent it calls for information that is in the public domain, and therefore of no greater burden for UT than SFFA to obtain.

8.      SFFA objects to each interrogatory as overbroad, unduly burdensome, calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, and as an infringement of the First Amendment rights of SFFA and its members to associational privacy, to the extent each interrogatory seeks information about its

EXHIBIT P, PAGE 2

general membership, financial contributors, and other information unrelated to the standing of specific members that SFFA relies upon for its associational standing.

9.      SFFA objects to each interrogatory to the extent it calls for legal conclusions, presents questions of pure law, calls for expert opinion, or exceeds the permissible number of interrogatories, including subparts.

10.     SFFA objects to each interrogatory as premature, overbroad, unduly burdensome, and improper, to the extent it seeks identification of "all" persons, officers, directors, members, affiliates, non-lawyers, sources, etc., or purports to require SFFA to marshal all evidence concerning any issue in dispute.

11.     SFFA does not by these responses and objections waive any claim of privilege in whole or in part, or any right to object to any use of any information furnished by SFFA.

12.     SFFA's discovery and investigation in connection with this case is continuing. As a result, SFFA's objections and responses are limited to information obtained and reviewed to date and are given without prejudice to SFFA's right to amend or supplement its objections and responses after considering information obtained or reviewed through further discovery.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO INTERROGATORIES

**Interrogatory No. 1:**

Please identify all persons (including current and former members) who you rely on for standing, including the following information about each:

a.   name;
b.   city and state of residence;
c.   date the person became a member;
d.   date the person stopped being a member (as applicable);
e.   the total amount of any financial contributions the person has made to SFFA (whether denominated as a donation, membership fee, or otherwise);
f.   whether the person applied for admission to UT Austin, and if so, for what year;
g.   whether the person was denied admission to UT Austin;

3

EXHIBIT P, PAGE 3

**Response to Interrogatory No. 5:**

SFFA objects to this request on the basis that it is overly broad, unduly burdensome, and seeks discovery of information that is not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. SFFA objects to this interrogatory to the extent that it seeks discovery of information protected by the attorney-client or work-product privileges. SFFA objects to this interrogatory on the basis that it seeks the discovery of information that is protected by constitutional and associational privileges, including the First Amendment right to associational privacy of SFFA and its members.

Subject to and without waiving its objections, SFFA is paying for the costs and attorney's fees associated with this Litigation.

**Interrogatory No. 6:**

List and describe all sources of SFFA's funding, including but not limited to any dues, fees, or other funds contributed by individual members, as well as contributions or other funds received from other sources, including from non-members.

**Response to Interrogatory No. 6:**

SFFA objects to this request on the basis that it is overly broad, unduly burdensome, and seeks discovery of information that is not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. SFFA objects to this interrogatory to the extent that it seeks discovery of information protected by the attorney-client or work-product privileges. SFFA objects to this interrogatory on the basis that it seeks the discovery of information that is protected by constitutional and associational privileges, including the First Amendment right to associational privacy of SFFA and its members.

EXHIBIT P, PAGE 4

*As to Interrogatory Answers*:

Signed under penalty of perjury this **25** day of January, 2021.

_____

Edward Blum
on behalf of Students for Fair Admissions, Inc.

*As to Objections*:

Respectfully submitted on January 25, 2021,

*/s/ J. Michael Connolly*

William S. Consovoy (*pro hac vice*)
Thomas R. McCarthy (*pro hac vice*)
J. Michael Connolly
Cameron T. Norris
Steven C. Begakis (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
tom@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
steven@consovoymccarthy.com

*Counsel for Plaintiff Students for Fair Admissions, Inc.*

EXHIBIT P, PAGE 5

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2021, a copy of the foregoing was served via electronic mail on counsel for the Defendants and the Defendants-Intervenors.

_/s/ J. Michael Connolly_

J. Michael Connolly
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com

_Counsel for Plaintiff Students for Fair Admissions, Inc._