# Exhibit S

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 1:20-cv-763-RP |
| UNIVERSITY OF TEXAS AT AUSTIN, et al. | ) ) ) | |
| *Defendants.* | ) ) ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Students for Fair Admissions, Inc. ("SFFA") submits the following objections and responses to the Defendants' (collectively "UT") First Interrogatories to Plaintiff, dated December 23, 2020.

**GENERAL OBJECTIONS**

SFFA makes the following general objections to UT's First Interrogatories to Plaintiff, which apply to each interrogatory regardless whether the general objections are expressly incorporated into the specific objections below.

1.       SFFA objects to each interrogatory to the extent it calls for information that is protected from discovery by the attorney-client privilege, the work-product doctrine, constitutional and associational privileges, including the First Amendment right to associational privacy of SFFA and its members, or that are otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the relevant statutory or case law, or any other applicable privilege. Inadvertent production of such information or document(s) shall not be deemed a waiver

  h. whether the person has played any role in the Litigation, including but not limited to the decision to file suit, the selection of counsel, the financing of the lawsuit, and the development of strategy;

  i. whether the person has voted on any matter in connection with the business of SFFA, and if so, on what matters.

  j. the year the person graduated or will graduate from high school;

  k. race/ethnicity;

  l. high school attended;

  m. GPA and class rank;

  n. test scores; and

  o. other institutions of higher education applied to or attended (and, for each not attended, whether the person was accepted);

  p. Whether the person applied for transfer admission to UT Austin, and if so, what year(s).

**Response to Interrogatory No. 1:**

SFFA objects to this request on the basis that it is overly broad, unduly burdensome, and seeks discovery of information that is not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. SFFA objects to this interrogatory to the extent that it seeks discovery of information protected by the attorney-client and work-product privileges. SFFA objects to the extent this request seeks information in UT's possession and that is no greater burden for UT to obtain in the first instance. SFFA objects to this interrogatory on the basis that it seeks the discovery of information that is protected by constitutional and associational privileges, including the First Amendment right to associational privacy of SFFA and its members.

Subject to and without waiving the above objections, SFFA will provide a separate supplemental response, designated as FOR COUNSEL – ATTORNEYS' EYES ONLY and subject to the appropriate treatment under the agreed-upon Protective Order, identifying members of the association upon whom SFFA is relying for standing in this matter. These individuals represent only a sample of SFFA members who the organization may rely upon for standing. Accordingly, SFFA may identify additional members as this case progresses.

**Interrogatory No. 2:**

> Identify all of SFFA's current and past officers and directors. For each person identified, please also identify the following information:
>
> a. dates of service in each capacity as an officer or director;
> b. the total amount of monetary contributions by the person to SFFA;
> c. the name of all other organizations that have been involved directly or indirectly in challenging university admissions policies for which that person has served as an officer or director or in any fundraising or leadership capacity;
> d. for each organization identified in response to 2.c., identify each role that the person served and the dates of their service in each role; and
> e. the total amount of monetary contributions by the person to any organization listed in 2.c.

**Response to Interrogatory No. 2:**

SFFA objects to this request on the basis that it is overly broad, unduly burdensome, and seeks discovery of information that is not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. SFFA objects to this interrogatory to the extent that it seeks discovery of information protected by the attorney-client and work-product privileges. SFFA objects to this interrogatory on the basis that it seeks the discovery of information that is protected by constitutional and associational privileges, including the First Amendment right to associational privacy of SFFA and its members.

Subject to and without waiving the above objections, the following individuals are or have been officers and directors of SFFA:

- Edward Blum, President and Board Member of SFFA. Mr. Blum is responsible for SFFA's launch, its day-to-day operations, membership recruitment, and efforts to publicize its mission. Mr. Blum has served as a director from July 2014 until the present. Mr. Blum is also the president and a Board Member of the Project on Fair Representation ("POFR"). *See* SFFA Responses to Interrogatory Nos. 13, 16.

- Abigail Fisher, Secretary and Board Member of SFFA. Ms. Fisher is responsible for keeping an accurate record of the proceedings of all meetings of the Board of Directors. Ms. Fisher has served as a director from July 2014 until the present. Ms. Fisher has never served as an officer or a director of POFR.

- Richard Fisher, Treasurer and Board Member of SFFA. Mr. Fisher is responsible for the financial management of the organization. Mr. Fisher has served as a director from July 2014 until the present. Mr. Fisher has never served as an officer or a director of POFR.

- JZ "Joe" Zhou, Board Member of SFFA. Mr. Zhou was elected to SFFA's board in December 2015. Mr. Zhou has served as a director from December 2015 until the present. Mr. Zhou has never served as an officer or a director of POFR.

- Edward Chen, Board Member of SFFA. Mr. Chen joined SFFA's board in December 2015. Mr. Chen subsequently resigned due to health reasons. Mr. Chen has never served as an officer or a director of POFR.

- Alex Chen, Board Member of SFFA. Mr. Chen was elected to SFFA's board in December 2017. Mr. Chen's two-year term ended in December 2019. Mr. Chen has never served as an officer or a director of POFR.

- Hua "Eva" Guo, Board Member of SFFA. Ms. Guo was elected to SFFA's board in December 2019 and is currently a director. Ms. Guo has never served as an officer or a director of POFR.

**Interrogatory No. 3:**

Identify all members of SFFA's management, leadership, and staff, including without limitation SFFA's Board of Directors and employees, and describe their titles, roles, responsibilities, and to whom they report.

Subject to and without waiving its objections, SFFA responds as follows: From the outset, SFFA membership has been open to all individuals who support the organization's mission of racial and ethnic equality in student admissions. For approximately the first year of its operation, individuals could join SFFA as Affiliate Members by submitting basic identifying information (name, address, and email address) and expressing an indication of intent to join the organization. No dues or membership fee was initially required, in order to lower barriers to entry in the organization's infancy.

On November 17, 2014, SFFA sued Harvard College and the University of North Carolina at Chapel Hill, alleging that the universities were racially discriminating in their administration of their undergraduate admissions programs. As of November 17, 2014, SFFA had 42 members. Membership in the organization grew steadily over the following months as news of SFFA's activities spread, and by June 1, 2015, the organization's membership had grown to approximately 350 people. In early June 2015, after Mr. Blum spoke to several Asian-American groups in California, New York, and Texas, interest in the organization grew dramatically; thousands of people joined the organization during the first week of June 2015 alone. Membership has continued to grow since then.

As interest in SFFA's mission grew along with its membership, and the organization matured, SFFA decided to amend its bylaws to account for its rapid growth. Among other things, SFFA required new members to pay a membership fee of $10 to join SFFA, beginning on July 30, 2015. The Board determined that those who had joined SFFA prior to that date would not be asked to pay the membership fee. The Board also expanded its size to five persons, one of whom is directly elected by the membership. The Board also changed the open membership status from "Affiliate Member" to "General Member."

Subject to and without waiving its objections, SFFA responds as follows: Under SFFA's bylaws and articles of incorporation, SFFA members are required to pay a fee upon joining of $10.00. Members have the right to elect one of SFFA's Directors at its annual meeting. Members are provided with periodic updates on SFFA's activities, including this Litigation, via letters and regular e-mail updates. SFFA also convenes periodic conference calls where members can ask questions, provide guidance, and comment on SFFA's activities and priorities. Members also are provided with contact information, including an email address, by which they may contact SFFA's President and Board of Directors. Members can resign from SFFA at any time. All of SFFA's Directors are also members of SFFA.

**Interrogatory No. 10:**

Describe in detail the process for nominating and electing your officers and directors, both past and present.

**Response to Interrogatory No. 10:**

SFFA objects to this request on the basis that it is overly broad, unduly burdensome, and seeks discovery of information that is not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. SFFA objects to this interrogatory to the extent that it seeks discovery of information protected by the attorney-client or work-product privileges. SFFA objects to this interrogatory on the basis that it seeks the discovery of information that is protected by constitutional and associational privileges, including the First Amendment right to associational privacy of SFFA and its members.

Subject to and without waiving its objections, SFFA responds as follows: Under SFFA's bylaws, SFFA has five directors on the Board of Directors. Four of the directors are Board-Elected Directors. The four Board-Elected Directors are elected by an affirmative vote of a majority of the directors then in office to serve for terms of two years from the date of their election, and each shall

**Interrogatory No. 16:**

> Describe in detail the relationship between the Project on Fair Representation, Inc. ("POFR"), on the one hand, and SFFA, or any current or former officer or director of SFFA, on the other hand. Please include in your response a description of any role POFR has or has had in founding, managing or operating SFFA, or advising SFFA in connection with the conduct of the Litigation.

**Response to Interrogatory No. 16:**

SFFA objects to this request on the basis that it is overly broad, unduly burdensome, and seeks discovery of information that is not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. SFFA objects to this interrogatory to the extent that it seeks discovery of information protected by the attorney-client or work-product privileges. SFFA objects to this interrogatory on the basis that it seeks the discovery of information that is protected by constitutional and associational privileges, including the First Amendment right to associational privacy of SFFA and its members.

Subject to and without waiving its objections SFFA responds as follows: POFR is not a parent, subsidiary or affiliate of SFFA. POFR and SFFA are separate 501(c)(3) non-profit entities. Although Mr. Blum serves as an officer for both entities, POFR and SFFA are governed by different bylaws and articles of incorporation, do not have the same board of directors, and have distinctly different membership. Except for Mr. Blum, no SFFA officer or director has ever served as an officer or a director of POFR.

POFR provided initial funding to SFFA and agreed to bear some of the costs of SFFA's activities, as one of several early financial supporters. For a few weeks in 2015, POFR was listed on SFFA's website as a supporter to whom contributions in support of SFFA could be directed. POFR has no role whatsoever in the management or direction of SFFA or this litigation.