IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., § § § § Plaintiff, § § v. § § UNIVERSITY OF TEXAS AT AUSTIN, et al., § § § Defendants. § | CAUSE NO.: 1:20-cv-763-RP |

## DEFENDANTS' MOTION FOR EXTENSION OF DISCOVERY STAY

Defendants file this Motion for Extension of Discovery Stay and would respectfully show the following:

This Court entered a scheduling order in the above-styled case on January 5, 2021. (Dkt. 33). Under the scheduling order, discovery on issues other than jurisdiction or claim preclusion was prohibited until the earlier of July 1, 2021, or the Court's ruling on any dispositive motions concerning standing or res judicata. (*Id.* at ¶ 5). While the scheduling order originally provided Defendants would file any dispositive motions concerning standing or res judicata by February 25, 2021, and the Court would hear the motions in March 2021, the motion deadline was extended due to the winter weather emergency. (Dkt. 43). As a result, Defendants filed their Motion for Summary Judgment or Dismissal Based on Lack of Standing, Res Judicata and Collateral Estoppel on March 8, 2021 (Dkt. 45), and briefing was not complete until April 26, 2021 (Dkt. 52).[1] As of the date of this filing, Defendants' motion concerning standing and res judicata remains pending.

Defendants seek an extension of the discovery stay to allow additional time for consideration

---

[1] Defendant-Intervenors likewise filed a Motion to Dismiss for Lack of Standing and Joinder on Res Judicata (Dkt. 44), which was completely briefed on April 26, 2021 (Dkt. 53).

of the pending dispositive motions prior to the commencement of merits discovery. *Bradley v. Boysville, Inc.*, 240 F.3d 1073 (5th Cir. 2000) ("District courts have wide discretion in determining the scope and effect of discovery."). Specifically, Defendants seek an extension until 30 days after the Court's ruling on the pending dispositive motions. Good cause exists for this extension due to the delayed initial briefing schedule (outlined above) and the burden of responding to the Plaintiff's overbroad discovery requests served on July 1, 2021. *See McAllen Anesthesia Consultants, P.A. v. United Healthcare Servs., Inc.*, No. 7:14-CV-913, 2015 WL 12839785, at *2 (S.D. Tex. July 17, 2015) ("In analyzing the propriety of a stay, courts consider various factors, including the breadth of discovery sought, the burden of responding to such discovery, and the strength of the dispositive motion filed by the party seeking a stay.").

As Defendants noted when asking the Court to defer merits discovery previously, courts regularly defer full-blown merits discovery during the pendency of a determination on dispositive issues like standing and res judicata. *See, e.g., Hopwood v. State of Tex.*, 21 F.3d 603, 604 (5th Cir. 1994) (noting that initial discovery in the district court proceedings in *Hopwood* was limited to the issues of standing and ripeness); *Shephard v. Norfolk S. Ry. Co.*, 3:17 CV 1377, 2017 WL 8676459, at *1 (N.D. Ohio Oct. 31, 2017) (ordering "initial discovery limited to the documentation and depositions necessary to complete the record on whether Plaintiffs have standing"); *Ashley W. v. Holcomb*, 319CV00129RLYMPB, 2019 WL 9673894, at *2 (S.D. Ind. Oct. 31, 2019) ("A stay is appropriate 'where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion,' … , or where the motion raises a threshold issue of standing, jurisdiction or qualified immunity."); *J.A. b/n/f Alvarez v. Tex. Educ. Agency,* 1:19-CV-921-RP-SH, 2020 WL 3270834, at *1 (W.D. Tex. June 17, 2020) (staying discovery during the pendency of Defendants' motion to dismiss asserting "lack of jurisdiction, lack of standing, Eleventh Amendment immunity, and failure to state a claim"); *Burks v. Rushton*, CV 3:08-3025-HMH-JRM, 2009 WL 10703167, at *1

(D.S.C. June 8, 2009) ("[T]he motion to dismiss has the potential to dispose of the case on the issues of res judicata and/or collateral estoppel without the need for discovery such that it is within the court's discretion to stay discovery pending resolution of the dispositive motion on that basis."); *Thompson v. PIG-Tainer Express Corp.*, CIV.A. 15-0232 SRC, 2015 WL 4461535, at *2 (D.N.J. July 20, 2015) ("[T]the Court will stay all discovery except for that which pertains to the limited issues of: statute of limitations; res judicata; collateral estoppel; prior settlements or judgments; and whether subject matter jurisdiction exists based on the amount in controversy.").

On July 1, 2021, Plaintiff served Defendants with 63 requests for production and 10 interrogatories, totaling over 20 pages. *See* Exhibit A, attached. The requested discovery is largely overbroad and not proportional to needs of the case, such that its burden outweighs any likely benefit. FED. R. CIV. PROC. 26(b)(1). For example, Plaintiff served multiple requests that are not constrained by any time period but instead ask for databases, reports, and communications related to UT-Austin admissions "from any time" since the University's existence. *E.g.*, RFP Nos. 1, 7, 9, 11, 13, 17 ("All documents and information from any time relating to the use of race in the admissions process at UT."), 20, 28, 39, 39, 42, 43, and 60. In contrast, this lawsuit only challenges UT-Austin's current admissions policies.

Moreover, allowing merits discovery to proceed pending the resolution of Defendants' dispositive motions will pose an excessive burden on the University, a state entity. For example, in RFP No. 30, Plaintiff requests thousands of complete application files going back six years. Courts regularly consider such factors in staying discovery while dispositive motions are pending. *See, e.g.*, *Camacho v. United States*, 12CV956 CAB (BGS), 2014 WL 12026059, at *5 (S.D. Cal. Aug. 15, 2014) ("[I]t would surely be an inefficient use of time and resources for the Government to gather and produce information for an eight-year time span only to have the claim dismissed by the district court for lack of subject matter jurisdiction.").

Finally, an extension of the discovery stay is supported by the strength of Defendants' pending motions. Defendants and Defendant-Intervenors have challenged Plaintiffs' claims on multiple grounds, any of which if successful will dispose of some or all of the claims asserted in the case.

Before allowing merits discovery to proceed—which may require court resolution of disagreements over permissible discovery scope, and at a minimum will impose a significant burden on Defendants in addressing SFFA's numerous requests—Defendants ask that the Court continue the stay on merits discovery presently in effect until it decides the pending dispositive motions.

The requested stay would not prejudice SFFA. Indeed, SFFA recently agreed to a stay of its parallel lawsuit against Yale during the pendency of the petition for a writ of certiorari (and subsequent proceedings, if any) that it filed in the United States Supreme Court in its suit against Harvard, citing several factors, many of which apply here:

> This case is in its earliest stages; the parties have filed no substantive motions, exchanged no discovery, conducted no trial, and are awaiting no verdict.

*SFFA v. Yale*, Cause No. 3:21-cv-241, at 3 (D. Conn.) (Dkt. 27) (May 12, 2021). In fact, SFFA has expressed willingness to agree to a broad stay in this case similar to the one issued in *Yale* (which Yale indicated could last well into 2022),[2] even though it has declined to agree to the stay here in the form requested by Defendants. *See* Certificate of Conference, below. SFFA's unwillingness to agree to the discovery stay as proposed—*i.e.*, one tethered to the timing of the Court's ruling on Defendants' dispositive motions—appears driven by a desire to avoid any risk of an adverse ruling on those motions while its cert petition against Harvard remains pending, given that its standing is at issue in both cases. That is not a proper purpose. *See, e.g.*, *DTC Energy Group, Inc. v. Hirschfeld*, 17-CV-01718-PAB-KLM, 2019 WL 9512846, at *3 (D. Colo. Aug. 19, 2019) (crafting a stay to avoid any "impact [on] the timing of resolution of any pending, fully-briefed motions"); *Sawyer v. Atlas Heating & Sheet*

---

[2] *SFFA v. Yale*, Cause No. 3:21-cv-241 (D. Conn.) (Dkt. 25-1) at 8 (May 7, 2021).

*Metal Works, Inc.*, 731 F. Supp. 2d 849, 850 (E.D. Wis. 2010) (exempting a fully briefed motion to dismiss from the coverage of a stay entered pursuant to agreement of the parties). Indeed, the Court's resolution of the substance of Defendants' arguments on standing here, taking into account the circuit court precedents not binding on other courts, may aid the Supreme Court in completing its own review of SFFA's cert petition in *Harvard* (and merits briefing, should the case reach that stage). But even setting such considerations aside, disposition of the fully briefed motions before merits discovery proceeds would materially aid the efficient administration of justice and resolution of this case.

Plaintiff's counsel is opposed to the extension of the stay as sought here. Defendant-Intervenors' counsel are unopposed.

The extension requested will not impact the date of trial, and no other alteration of the deadlines contained in the scheduling order is sought. A proposed order is attached.

This motion for extension of the discovery stay is not for the purpose of delay but so that justice may be done.

        Respectfully Submitted,

        GRAVES DOUGHERTY, HEARON & MOODY, P.C.
        401 Congress Avenue, Suite 2700
        Austin, Texas  78701
        (512) 480-5725 (phone)
        (512) 539-9938 (fax)

By:   */s/ Matthew C. Powers*
        John J. McKetta, III
        Texas State Bar No. 13711500
        mmcketta@gdhm.com
        Matthew C. Powers
        Texas State Bar No. 24046650
        mpowers@gdhm.com
        William Christian
        State Bar No. 00793505
        wchristian@gdhm.com
        Marianne W. Nitsch
        Texas State Bar No. 24098182
        mnitsch@gdhm.com

        **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for the parties, who stated as follows. Counsel for Intervenor-Defendants stated they were unopposed. By email dated July 8, 2021, counsel for Plaintiff stated:

> SFFA would oppose a motion to stay SFFA's discovery pending a ruling from the district court on UT's and the Intervenors' motions. The Court's scheduling order was clear that discovery will be permitted starting July 1, 2021 if the Court had not ruled on the motions by that date.
> Nevertheless, we would agree to a stay of all proceedings in the district court pending the Supreme Court's resolution of the petition for certiorari in *SFFA v. Harvard*. SFFA recently agreed to a similar stay in its case against Yale. See *SFFA v. Yale*, No. 21-cv-241 (D. Conn.) (Dkt. 28).

                                                  */s/ Matthew C. Powers*
                                                  Matthew C. Powers

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served on counsel of record for Plaintiff via the Court's electronic filing and service system and also via email service as indicated below, on this the 9th day of July, 2021:

| | |
|---|---|
| William S. Consovoy<br>J. Michael Connolly<br>Cameron T. Norris<br>Steven C. Begakis<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Boulevard, Suite 700<br>Arlington, Virginia 22209<br>will@consovoymccarthy.com<br>mike@consovoymccarthy.com<br>cam@consovoymccarthy.com<br>steven@consovoymccarthy.com | Brian C. Pidcock<br>HUNTON ANDREWS KURTH LLP<br>600 Travis St.<br>Houston, TX 77002<br>brianpidcock@HuntonAK.com |
| David Hinojosa<br>Genevieve Bonadies Torres<br>LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW<br>1500 K Street, NW, Suite 900 Washington, DC 20005<br>dhinojosa@lawyerscommittee.org<br>gbonadies@lawyerscommittee.org | Ryan P. Phair<br>Carter C. Simpson<br>HUNTON ANDREWS KURTH LLP<br>2200 Pennsylvania Avenue, NW Washington, D.C. 20037<br>rphair@huntonak.com<br>csimpson@huntonak.com |
| Alan R. Kabat<br>BERNABEI & KABAT, PLLC<br>1400 - 16th Street, N.W., Suite 500<br>Washington, D.C. 20036-2223<br>Kabat@BernabeiPLLC.com | |

                                                      */s/ Matthew C. Powers*
                                                      Matthew C. Powers