**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 1:20-cv-763-RP |
| UNIVERSITY OF TEXAS AT AUSTIN, et al. | ) ) ) | |
| *Defendants.* | ) ) ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of the Western District of Texas, Plaintiff Students for Fair Admissions, Inc. ("SFFA") requests that the University of Texas at Austin, et al. ("Defendants") respond in writing and produce the documents described below within 30 days of service for inspection and copying at the offices of Consovoy McCarthy PLLC, 1600 Wilson Boulevard, Suite 700, Arlington, VA 22202, or at such other location to which the parties mutually agree.

**INSTRUCTIONS**

1.      In responding to these document requests, You shall produce separately all documents in Your possession, custody, or control, including documents in the possession, custody, or control of Your agents and representatives.

2.      Any request concerning a partnership, limited liability company, or corporate entity includes its subsidiaries, affiliates, employees, members, agents, representatives, or attorneys.

3.      Unless stated otherwise, requests concerning applicants, admitted students, and enrolled students are limited to the application, admission, and enrollment of freshman and transfer undergraduate students at the University of Texas at Austin.

1

EXHIBIT A, PAGE 1

4.      The terms "or" and "and" are to be read in both the conjunctive and disjunctive and shall serve as a request for documents that would be responsive under a conjunctive reading in addition to all documents that would be responsive to a disjunctive reading.

5.      Singular and masculine forms of any nouns or pronouns shall embrace and be applied as the plural or as the feminine or neuter and vice-versa.

6.      The past tense of any verb shall embrace and be applied as the present tense, as the context requires or as applicable, and vice versa.

7.      Each request is to be construed and responded to independently and not to be referenced to any other item herein for purposes of limitation.

8.      If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information: date, sender, recipient, persons to whom copies were provided together with their job titles, subject matter, basis on which a privilege or other objection is claimed, and the paragraph(s) of this request to which such document responds. If You claim privilege or any other objection with regard to only part of a document, produce the part as to which there is no objection.

9.      If any document or copy was, but is no longer in Your possession, custody, or subject to Your control, please state and specify in detail for each such document: date, sender, recipient, persons to whom copies were provided together with their job titles, the information contained therein, the date upon which it ceased to exist, the disposition that was made of it and the identity of all persons having knowledge of the contents thereof.

10.     Produce all documents in complete form, as kept in the normal course of business, and identify the file from which each document was taken.

EXHIBIT A, PAGE 2

11.     These requests are continuing in character and require You to file supplementary answers if You obtain further or different information before trial.

## TIME PERIOD

1.     This Request for Production principally seeks documents and information prepared, sent, provided, received, in possession during, or relating to, the time period beginning with September 1, 2015 and continuing throughout the pendency of this litigation, or relating to this time period whenever prepared. Any request seeking documents from this time period refer to the "Relevant Period." Any request seeking documents beyond the Relevant Period refer to documents "from any time."

## DEFINITIONS

1.     "Complaint" means both the Complaint SFFA filed in this action on July 20, 2020, and the Amended Complaint SFFA filed in this action on November 16, 2020.

2.     "Answer" means both the Answer UT filed in this action on October 16, 2020 in response to SFFA's Complaint, and the First Amended Answer UT filed in this action on November 30, 2020 in response to SFFA's Amended Complaint.

3.     The term "Litigation" refers to the lawsuit proceeding under the above-styled and numbered cause.

4.     The word "person" as used herein shall mean and include an individual, sole proprietorship, association, firm, partnership, joint venture, corporation, board, committee, agency, commission, or any other legal entity of any type for any purpose, whether public or private.

5.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

EXHIBIT A, PAGE 3

6.     "Concerning" means referring to, describing, evidencing, or constituting. Requests for "documents concerning" any subject matter include documents concerning communications regarding that subject matter.

7.     "Diversity" is defined to be synonymous in meaning and equal in scope to how UT has used or does presently use that term in any printed or electronic documents.

8.     "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

9.     "Electronic databases" is defined to include, but is not limited to, all files maintained in any database, spreadsheet, or statistical programs, containing information on the race, geographic residence, qualifications, financial aid awards, and/or academic performance, of individuals who have or are seeking admission to UT, including applicants, admitted students, and enrolled students.

10.     "Including" means including but not limited to.

11.     "UT" means the University of Texas at Austin and/or all other Defendants collectively, their predecessors, successors, divisions, subsidiaries, and affiliates, and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

12.     The terms "the present" or "present time" mean the date on which Your answers to these requests are filed.

13.     "Printed Database" is defined to include, but is not limited to, any hardcopy collection of data containing information on the race, geographic residence, qualifications, financial aid awards, and/or academic performance, of individuals who have or are seeking admission to UT, including applicants, admitted students, and enrolled students, except to the extent that such hard-copy collections merely replicate information found in Electronic Databases.

EXHIBIT A, PAGE 4

14.     The term "race" means race, ethnicity, or national origin.

15.     "Relate" means consisting of, referring to, reflecting, evidencing, or being in any way legally, logically, or factually connecting with the matter referred to or having a tendency to prove or disprove the matter referred to.

16.     "Representative" means any and all agents, servants and employees.

17.     "Underrepresented Minority" is defined to be synonymous in meaning and equal in scope to how UT has used or does presently use that term in any printed or electronic documents.

18.     "You" and "Your" mean UT.

## DOCUMENT REQUESTS

1.     All Electronic Databases from any time that include information concerning applications to UT, including freshmen and transfer applications; admissions to UT, including freshmen and transfer admissions; and/or enrollment to UT, including freshmen and total undergraduate enrollment.

2.     For any Electronic Database responsive to Request No. 1, provide any guide to data entry, codebook, key, manual, sorting capabilities, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in such Electronic Databases.

3.     Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 1.

4.     All Printed Databases from the Relevant Period that include information concerning applications to UT, including freshmen and transfer applications; admissions to UT, including freshmen and transfer admissions; and/or enrollment to UT, including freshmen and total undergraduate enrollment.

EXHIBIT A, PAGE 5

5.      For any Printed Database responsive to Request No. 4, provide any guide to data entry, codebook, key, manual, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in such Printed Databases.

6.      Documents sufficient to show the fields or variables included within the Printed Databases responsive to Request No. 4.

7.      Any guide to data entry, codebook, key, manual, sorting capabilities, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in any Electronic Database that includes information from any time concerning the academic performance of any enrolled student at UT.

8.      Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 7.

9.      Any guide to data entry, codebook, key, manual, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in any Printed Database that includes information from any time concerning the academic performance of any enrolled student at UT.

10.      Documents sufficient to show the fields or variables included within the Printed Databases responsive to Request No. 9.

11.      Any guide to data entry, codebook, key, manual, sorting capabilities, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in any Electronic Database that includes information from any time specifically concerning the academic performance of any enrolled Underrepresented Minority student at UT.

12.      Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 11.

EXHIBIT A, PAGE 6

13.     Any guide to data entry, codebook, key, manual, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in any Printed Database that includes information from any time specifically concerning the academic performance of any enrolled Underrepresented Minority student at UT.

14.     Documents sufficient to show the fields or variables included within the Printed Databases responsive to Request No. 13.

15.     All documents from the Relevant Period prepared by You concerning the racial composition of the pool of applicants, admitted persons, or enrollees to UT.

16.     All documents and information relating to UT's policies, practices, or procedures related to the use of race in the admissions process.

17.     All documents and information from any time relating to the use of race in the admissions process at UT. This Request includes, but is not limited to, any reports, analyses, complaints, investigations, statements, or data compilations relating to the use of race in the admissions process at UT.

18.     All documents and information relating to the factors that are considered in the admissions process, the various weight those factors are given, and how UT takes those factors into consideration.

19.     Documents sufficient to show all of Your employees (current and former) within the Office of Undergraduate Admissions and any other UT office that plays a role in formulating or implementing policies relating to undergraduate admissions during the Relevant Period, including each employee's title, responsibilities within the admissions office, race, and, if applicable, the number of admissions files each employee reviews annually, any geographic area of responsibility, and any other basis for assigning responsibility for review of any application.

EXHIBIT A, PAGE 7

20.     All training manuals or other formal or informal instructional materials from any time used to train or guide UT personnel on how to perform admissions-related tasks, including the evaluation of admissions files, the preparation of admissions reports, outreach activities, and recruitment activities.

21.     Documents and information sufficient to show any forms used to evaluate applicants to UT, including but not limited to, forms used by staff interviewing or meeting with applicants or potential applicants and forms used by staff in evaluating individual admissions files and application summary sheets.

22.     Documents sufficient to show the names of any alumni or other individuals outside of UT who assist with the Admissions process in any manner.

23.     All guidelines, manuals, policies, regulations, descriptions of actual practices, codes, or notes kept by an individual employee of practices used by Your Office of Undergraduate Admissions during the Relevant Period.

24.     All documents and communications from the Relevant Period by or among Your representatives regarding the use of race in the admissions process at UT.

25.     All documents and communications from the Relevant Period by or among Your representatives regarding any goals or targets for the racial composition of a particular admissions cycle or subset of applicants, admitted students, or enrolled students.

26.     All documents and communications from the Relevant Period by or among Your representatives regarding any efforts to achieve or define a "critical mass" of Underrepresented Minority students.

27.     All documents and communications from the Relevant Period by or among Your representatives regarding any efforts to increase or decrease the number of applicants, admitted students, or enrollees at UT by race.

EXHIBIT A, PAGE 8

28.     All communications from any time to or from officials or employees of the Texas Legislature, members of the Texas Legislature, or the State's Executive Branch regarding UT's admissions practices and policies or about specific applicants or groups of applicants.

29.     All communications from any time by or among Your employees or agents regarding: UT's use of race as a tiebreaker in the admissions process; any adjustments made to the criteria of admissions for particular racial groups or subsets; and any changes or evaluations of UT's admissions policies in light of U.S. Supreme Court decisions.

30.     A preliminary sample, stratified by race and whether the applicant is admitted, of the complete application files (including summary sheets, notes, and other documents You prepared to supplement the application as received) for undergraduate admission to UT You received and evaluated during the Relevant Period, to be used by the parties to determine the number of complete application files needed to form a statistically significant sample of complete application files from the Relevant Period. This preliminary sample shall include 400 complete application files from each of the four major racial categories (Asian or Asian American, Black or African American, Hispanic or Latino, and White) from each admissions cycle during the Relevant Period. These complete application files will be randomly selected in a manner mutually agreed upon by the parties.

31.     Any documents from the Relevant Period describing efforts of UT's admissions office to identify or recruit students based upon their or their household's income, wealth, race, geographic region, or other socioeconomic factor.

32.     Your forms, policies, rules, guidelines, or standards from the Relevant Period for classifying or describing the race of applicants for admission to UT, including (but not limited to):

      a.    descriptions of race on admissions forms;
      b.    descriptions of race to the government of the United States and any state or political subdivision thereof;
      c.    descriptions of race on internal records; and

EXHIBIT A, PAGE 9

      d.     descriptions of race to any other party.

33.    All documents and information relating to how and why any racial categories used in the admissions process were chosen or defined.

34.    All documents concerning any deviation, exceptions, or departures You made from UT's published admissions criteria during the Relevant Period.

35.    All documents and communications from the Relevant Period concerning the use in the admissions process of the fact than an applicant's parent or relative donated money to UT.

36.    All documents and communications from the Relevant Period concerning the use in the admissions process of the fact than an applicant's parent or relative is an alumnus of UT.

37.    All documents and communications from the Relevant Period concerning the use in the admissions process of the fact than an applicant's parent or relative is a member of the Texas Legislature, the State's Executive Branch, or the Board of Regents.

38.    All certifications or reports to the government of the United States or any State or political subdivision concerning, in whole or in part, the use of race in the admissions process at UT during the Relevant Period.

39.    Any recorded or memorialized discussions from any time between or among members of the UT Board of Regents, employees of the UT Office of Admissions, the Chancellor of UT, or the President of UT relating to the use of race in the admissions process at UT including, but not limited to, recordings, transcripts, or memorialization of discussions in any form.

40.    All documents from the Relevant Period that seek to measure, estimate, or predict, using race or other demographic variables, the application rate of high school students to UT, the rate at which applicants are admitted, the rate at which admitted students enroll, the academic performance at UT of enrolled students, the major selection at UT of enrolled students, the dropout

EXHIBIT A, PAGE 10

rate at UT of enrolled students, the graduation rate at UT of enrolled students, or the debt levels accrued by enrolled students while at UT.

41.     All documents concerning any complaint You received about the use of race in UT's admissions process during the Relevant Period, including (but not limited to) documents concerning the investigation and resolution of any complaint.

42.     All reports, examinations, accounts, analyses, complaints or other documents from any time describing alleged discrimination on the basis of race in the admissions process at UT.

43.     All reports, analyses, surveys, or other reviews or assessments prepared by Your employees or agents from any time concerning race-neutral alternatives to racial preferences in admissions at UT (regardless of whether those reports, analyses, surveys, or other reviews or assessments were completed or finalized).

44.     All documents from each admissions cycle during the Relevant Period sufficient to show Your efforts to evaluate the feasibility and effects of race-neutral alternatives to racial preferences in admissions at UT, and how these alternatives compared to current admissions policies in achieving the educational benefits of diversity.

45.     All documents concerning Your ranking, weighting, and evaluation of secondary schools during the Relevant Period and any documents sufficient to show how You arrived at such rankings, weighting, and evaluation of secondary schools.

46.     All documents, including reports, analyses, and studies, examining the continuing need for the use of race in the admissions process at UT.

47.     All documents, including reports, analyses, and studies, examining the need for or presence of viewpoint diversity, ideological diversity, gender diversity, or socioeconomic diversity at UT.

EXHIBIT A, PAGE 11

48.     All documents, including reports, analyses, and studies, examining the effect of the "Top Ten Percent Plan" at UT.

49.     All documents and information from each admissions cycle relating to UT's consideration of and determination that a race-neutral admissions process would not produce sufficient or adequate diversity in the UT student population.

50.     All documents, information, reports, studies, or analyses relating to the probability of admission to UT based on race or ethnicity.

51.     All documents showing the demographics and/or racial breakdown of the applicant pool or the admitted class at UT at any stage in the admissions process.

52.     All documents showing any targets or projections for the applicant pool or admitted class at UT by race.

53.     All documents, information, reports, studies or analyses relating to the effect that the use of race in the admissions process at UT has on the composition of the UT student population.

54.     All documents that mention academic "mismatch." *see* Richard Sander & Stuart Taylor, *Mismatch: How Affirmative Action Harms Students It's Intended to Help and Why Universities Won't Admit It*, as it relates to admissions or admissions policy at UT.

55.     All documents that concern the academic performance of enrolled students who are or were academically underprepared for UT.

56.     All documents during the Relevant Period concerning instances of the UT President or other UT official placing a "hold" on an applicant, as outlined in the February 6, 2015 Kroll Report, or taking any similar actions with regard to an applicant to UT.

57.     All documents during the Relevant Period concerning any attempt, whether successful or not, by the UT President or other UT official to secure an applicant's admission to UT.

EXHIBIT A, PAGE 12

58.     All documents relating to any instances in which an official or employee of UT has accepted money, favors, promises, or remuneration of any kind in return for a promise from or expectation of the official or employee to help an applicant obtain admission to UT.

59.     All communications during the Relevant Period concerning SFFA, the Complaint, or this action (before or after it was filed).

60.     All documents from any time that UT contends support any denial or defense in the Answer to the Complaint.

61.     All documents concerning any formula or measurement that UT has used to predict the probability of admission for particular applicants.

62.     All documents concerning studies or reports that determine whether the factors that UT considers in the admissions process are reliable predictors of student performance at UT.

63.     All documents showing the academic performance of students while at UT and their majors broken down by race.

EXHIBIT A, PAGE 13

Respectfully submitted,

*/s/ J. Michael Connolly*

William S. Consovoy (*pro hac vice*)
J. Michael Connolly
Cameron T. Norris
Steven C. Begakis (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
steven@consovoymccarthy.com

Dated: July 1, 2021

*Counsel for Plaintiff Students for Fair Admissions, Inc.*

EXHIBIT A, PAGE 14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record for Defendants and Defendant-Intervenors via email on July 1, 2021.

*/s/ J. Michael Connolly*

J. Michael Connolly

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC.,     ) )<br><br>*Plaintiff,*   )<br>)<br>v.   )<br>)<br>UNIVERSITY OF TEXAS AT AUSTIN, )<br>et al.   )<br>)<br>*Defendants.*   ) | Case No. 1:20-cv-763-RP |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33 and the Local Rules of the Western District of Texas, Plaintiff Students for Fair Admissions, Inc. ("SFFA") requests that the University of Texas at Austin, et al. ("Defendants") answer the following interrogatories within 30 days of service:

**INSTRUCTIONS**

1.      These interrogatories are continuing in character and require You to file supplementary answers if You obtain further or different information before trial.

2.      Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's officers, directors, agents, representatives, servants, and employees, and unless privileged, its attorneys.

3.      Unless stated otherwise, requests concerning applications, admitted students and enrolled students are limited to the application, admission, and enrollment of freshman and transfer undergraduate students at University of Texas at Austin.

4.      Whenever, in response to these interrogatories, reference is made to a natural person, state his/her full name and present address, if known, and his/her present or last known business position and affiliation.

1

EXHIBIT A, PAGE 16

5.      The terms "or" and "and" are to be read in both the conjunctive and disjunctive.

6.      Singular and masculine forms of any nouns or pronouns shall embrace and be applied as the plural or as the feminine or neuter and vice-versa.

7.      The past tense of any verb shall embrace and be applied as the present tense, as the context requires or as applicable, and vice versa.

8.      Each interrogatory is to be construed and responded to independently and not to be referenced to any other item herein for purposes of limitation.

9.      Any interrogatory concerning a partnership, limited liability company, or corporate entity includes its subsidiaries, affiliates, employees, members, agents, representatives, or attorneys.

10.     With respect to each oral communication which is the subject matter in whole or in part of any of these interrogatories, state who was present, the dates of the communication, where the communication occurred, and what was said by each person involved during such conversation.

## TIME PERIOD

1.      These interrogatories principally seek responses relating to the time period beginning with September 1, 2015, and continuing throughout the pendency of this litigation. Any interrogatory concerning this time period refers to the "Relevant Period." Any interrogatory seeking a response beyond the Relevant Period refers to "from any time."

## DEFINITIONS

1.      "Complaint" means both the Complaint SFFA filed in this action on July 20, 2020, and the Amended Complaint SFFA filed in this action on November 16, 2020.

2.      "Answer" means both the Answer UT filed in this action on October 16, 2020 in response to SFFA's Complaint, and the First Amended Answer UT filed in this action on November 30, 2020 in response to SFFA's Amended Complaint.

2

3.      The term "Litigation" refers to the lawsuit proceeding under the above-styled and numbered cause.

4.      The word "person" as used herein shall mean and include an individual, sole proprietorship, association, firm, partnership, joint venture, corporation, board, committee, agency, commission, or any other legal entity of any type for any purpose, whether public or private.

5.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.      "Concerning" means referring to, describing, evidencing, or constituting. Requests for "documents concerning" any subject matter include documents concerning communications regarding that subject matter.

7.      "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

8.      To "identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

9.      To "identify," when referring to documents, means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

10.     "Including" means including but not limited to.

11.     "UT" means the University of Texas at Austin and all other Defendants collectively, their predecessors, successors, divisions, subsidiaries, and affiliates, and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

3

12.     The terms "the present" or "present time" mean the date on which Your answers to these interrogatories are filed.

13.     The term "race" means race, ethnicity, or national origin.

14.     "Diversity" is defined to be synonymous in meaning and equal in scope to how UT has used or does presently use that term in any printed or electronic documents.

15.     "Relate" means consisting of, referring to, reflecting, evidencing, or being in any way legally, logically, or factually connecting with the matter referred to or having a tendency to prove or disprove the matter referred to.

16.     "Representative" means any and all agents, servants, and employees.

17.     To "state the basis" of or for a particular claim, assertion, allegation, or contention means to (a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and (d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

18.     "You" and "Your" mean UT.

4

EXHIBIT A, PAGE 19

## INTERROGATORIES

1.      Describe how UT uses a student's race at any point in the university's admissions process, including whether a student's race can be a factor that increases or decreases the likelihood of the student being admitted to UT.

2.      Describe any change made to UT's use of race in the admissions process since June 23, 2016.

3.      Identify the persons employed by UT who, as participants in the admissions process, use race in the admissions process.

4.      Identify by date, author, and title any studies, reports, audits, or other data sets from any time You commissioned or performed to evaluate the availability of race-neutral alternatives to racial preferences in the admissions process or the effect of UT's admissions process on the racial composition or diversity of the student body (regardless of whether the study, report, audit, or data set was completed or finalized).

5.      Identify each effort by UT to investigate race-neutral alternatives to UT's admissions process since January 1, 2007.

6.      Describe all categories of documents and data from any time used by UT in determining whether any particular applicant should be admitted.

7.      Describe any categories of data or documents relating to UT's admissions process that You have destroyed during the Relevant Period, including the type and estimated quantity of the data or documents, the date it was destroyed, and the reason it was destroyed.

8.      Describe any instance in which the current or former UT President or other UT official placed a "hold" on an applicant, as outlined in the February 6, 2015 Kroll Report, or took any similar action with regard to any applicant, during the Relevant Period.

EXHIBIT A, PAGE 20

9.     Describe any instance in which an applicant received a "tip" or an admissions preference because the applicant's parent or relative went to UT, donated money to UT, or was a member of the Texas Legislature, the State's Executive Branch, or the Board of Regents.

10.     Describe any instance in which a UT employee has accepted money, favors, promises, or remuneration of any kind in return for a promise or expectation that the employee would help an applicant obtain admission to UT.

<div style="margin-left:40%">

Respectfully submitted,

*/s/ J. Michael Connolly*

William S. Consovoy (*pro hac vice*)
J. Michael Connolly
Cameron T. Norris
Steven C. Begakis (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
steven@consovoymccarthy.com

</div>

Dated: July 1, 2021                    *Counsel for Plaintiff Students for Fair Admissions, Inc.*

EXHIBIT A, PAGE 21

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record for Defendants and Defendant-Intervenors via email on July 1, 2021.

/s/ *J. Michael Connolly*

J. Michael Connolly

7