**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> UNIVERSITY OF TEXAS AT AUSTIN, et al., <br><br> *Defendants.* | Case No. 1:20-cv-763-RP |

**JOINT MOTION TO STAY PROCEEDINGS**

On January 24, 2022, while this case was on appeal, the Supreme Court of the United States granted certiorari in two cases that were brought by Plaintiff Students for Fair Admissions ("SFFA"): *Students for Fair Admissions v. President and Fellows of Harvard College*, No. 20-1199, and *Students for Fair Admissions v. University of North Carolina et al.*, No. 21-707. Because the Supreme Court's disposition of these cases will likely affect the outcome of SFFA's case against the University of Texas at Austin ("UT"), the parties jointly request that the Court stay this litigation pending the Supreme Court's decisions in *Harvard* and *University of North Carolina*.

1.  On July 20, 2020, SFFA sued UT, alleging that UT violates Title VI and sections 1981 and 1983 of the Civil Rights Act in four ways: by failing to use race merely as a "plus" factor; by using race where there are workable race-neutral alternatives; by engaging in racial balancing; and by using race as a factor in admissions at all. Dkt. 1.

2.  On July 26, 2021, this Court granted UT summary judgment, holding that SFFA's claims were barred under claim preclusion due to the Supreme Court's decision in *Fisher v. University*

*of Texas at Austin*, 579 U.S. 365 (2016). SFFA appealed that decision and the U.S. Court of Appeals for the Fifth Circuit reversed. *See SFFA v. Univ. of Tex. at Austin*, 37 F.4th 1078 (5th Cir. 2022).

3.     On January 24, 2022, while SFFA's appeal was pending, the Supreme Court of the United States granted certiorari in *Students for Fair Admissions v. President and Fellows of Harvard College*, No. 20-1199, and certiorari before judgment in *Students for Fair Admissions v. University of North Carolina et al.*, No. 21-707. The Court consolidated the two cases for oral argument. These cases will be heard and decided in the 2022-2023 term.

4.     Both *Harvard* and *University of North Carolina* share the same question presented: "Should this Court overrule *Grutter v. Bollinger*, 539 U.S. 306 (2003), and hold that institutions of higher education cannot use race as a factor in admissions?" In addition, both cases raise a second question: whether each university's use of race in the admissions process complies with existing precedent. *See* Pet. i, *Students for Fair Admissions v. President and Fellows of Harvard College*, No. 20-1199; Pet. i, *Students for Fair Admissions v. University of North Carolina et al.*, No. 21-707.

5.     "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

6.     It is "common practice" for courts to "postpone the final disposition of a case pending an upcoming decision in the United States Supreme Court." *Carter v. United States*, No. 06-cv-225, 2007 WL 2439500, at *3 (D. Vt. Aug. 23, 2007); *see, e.g., Bilberry v. JPMorgan Chase Bank, N.A.*, 2021 WL 536440, at *2-3 (W.D. Tex. Jan. 13, 2021) (Pitman, J.) (staying litigation pending the Supreme Court's resolution of *Facebook, Inc. v. Duguid*, No. 19-511 (S. Ct.)).

7.     These types of stays are especially warranted when, as here, all parties agree that a stay is appropriate. For example, in SFFA's case against Yale University, which raises similar issues, the

district court summarily granted Yale's unopposed motion to stay the litigation pending the resolution of *Harvard*. *See SFFA v. Yale University*, No. 21-cv-241 (D. Conn. May 13, 2021) (Dkt. 28).

8.      When deciding "whether to stay a case pending a higher court's decision," this Court has considered "'(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Bilberry v. JPMorgan Chase Bank, N.A.*, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021) (quoting *Dwyer v. USAA Savings Bank*, 2017 WL 7805760, at *1 (W.D. Tex. 2017)). All these factors warrant a stay here.

9.      First, staying the litigation will not "unduly prejudice or present a clear tactical disadvantage" to any party because all parties agree that the case should be stayed. *Id.*

10.      Second, staying the litigation will likely "'simplify the issue[s] in question and trial of the case.'" *Id.* If SFFA prevails in *Harvard* or *University of North Carolina*, it is highly likely that the decisions will affect the disposition of this litigation. If the Supreme Court overrules *Grutter* and holds that institutions of higher education cannot use race as a factor in admissions, that will fully resolve one of SFFA's claims. Even if the Supreme Court does not overrule *Grutter*, the Court's analysis of the legality of Harvard's and UNC's admissions programs will provide important guidance that will "simplify this matter and inform the Court's ruling[s] on any dispositive motions" and, if necessary, a bench trial. *Bilberry*, 2021 WL 536440, at *2.

11.      The Supreme Court's decisions also would likely affect the "parameters of discovery" and the scope of a bench trial. *Id.* For example, at the *Harvard* trial, the court held a three-week trial, hearing testimony from eighteen current and former Harvard employees, four expert witnesses, and eight current or former Harvard students. *See SFFA v. Harvard*, 397 F. Supp. 3d 126, 132 (D. Mass. 2019). Similarly, in *University of North Carolina*, the court held an eight-day trial, hearing testimony from numerous UNC employees, students, and experts. *See SFFA v. UNC*, 567 F. Supp. 3d 580, 588

(M.D.N.C. 2021). Discovery in these cases spanned years, each requiring the courts to resolve multiple discovery disputes.

12.     It would make little sense for the parties to spend considerable resources taking discovery and preparing for trial before receiving the decisions from the Supreme Court in *Harvard* and *University of North Carolina*. The Court, too, will almost certainly "conserve judicial resources" through a stay of the litigation. *Bilberry*, 2021 WL 536440, at *2.

13.     Third, "this case is not nearing the end stages." *Bilberry*, 2021 WL 536440, at *2. Because the Court bifurcated discovery, SFFA has not yet begun to take discovery in this case and no expert discovery has occurred at all. Dispositive motions and, if necessary, a trial are far down the road.

14.     In sum, "[g]iven the likelihood that the Supreme Court's decision[s] in [*Harvard* and *UNC*] will affect the instant case, the lack of undue prejudice to [the parties], and the interests of judicial economy and consistency served by a stay," *id.*, the Court should stay this case pending the Supreme Court's decisions.


For the foregoing reasons, the Court should grant the parties' joint motion and stay this litigation pending the decisions from the Supreme Court of the United States in *Harvard* and *University of North Carolina*.

Respectfully submitted,

*/s/ J. Michael Connolly*

William S. Consovoy (*pro hac vice*)
Thomas R. McCarthy (*pro hac vice*)
J. Michael Connolly
Cameron T. Norris
Steven C. Begakis (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
tom@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
steven@consovoymccarthy.com

Dated: July 20, 2022

*Counsel for Plaintiff Students for Fair Admissions, Inc.*

By: */s/ Matthew C. Powers*
Matthew C. Powers
Texas State Bar No. 24046650
mpowers@gdhm.com
William Christian
State Bar No. 00793505
wchristian@gdhm.com
Marianne W. Nitsch
Texas State Bar No. 24098182
mnitsch@gdhm.com
GRAVES DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas  78701
(512) 480-5725 (phone)
(512) 539-9938 (fax)

*Counsel for Defendants*

*/s/ Brian C. Pidcock*
Brian C. Pidcock
State Bar No. 24074895
HUNTON ANDREWS KURTH LLP
600 Travis St.
Houston, TX 77002
Tel. (713) 220-4200

brianpidcock@HuntonAK.com

David Hinojosa
State Bar No. 24010689
Genevieve Bonadies Torres (pro hac vice)
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, NW, Suite 900
Washington, DC 20005
Tel. (202) 662-8600
dhinojosa@lawyerscommittee.org
gbonadies@lawyerscommittee.org

Ryan P. Phair (pro hac vice)
Carter C. Simpson (pro hac vice)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
Tel. (202) 955-1500
csimpson@huntonak.com

Alan R. Kabat (pro hac vice)
Bernabei & Kabat, PLLC
1400 - 16th Street, N.W., Suite 500
Washington, D.C. 20036-2223
Tel. (202) 745-1942 (ext. 242)
Kabat@BernabeiPLLC.com

*Attorneys for Defendant-Intervenors*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record for Defendants and Defendant-Intervenors via the Court's electronic filing and service on July 20, 2022.

<u>/s/ J. Michael Connolly</u>

J. Michael Connolly