# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| Students for Fair Admissions, Inc., <br> *Plaintiff,* <br><br> v. <br><br> University of Texas at Austin, et al., <br> *Defendants,* <br><br> and <br><br> The Black Student Alliance, the Texas Orange Jackets, the Texas National Association for the Advancement of Colored People, Adaylin Alvarez, Morgan Bennett, Liz Kufour, Brianna Mallorie McBride, Desiree Ortega-Santiago, Nima Rahman, Alexandra Trujillo, and Rosaleen Xiong, <br><br> *Intervenor-Defendants*. | Case No. 1:20-cv-763-RP <br><br> **INTERVENOR-DEFENDANTS' SUBMISSION ON DISCOVERY AND DISPOSITIVE MOTION SCHEDULE** <br><br> Hearing Date: September 12, 2023 <br> Hearing Time: 10:00 a.m. CT |

Pursuant to the Court's August 30, 2023 Order [Dkt. 77], Intervenor-Defendants the Black Student Alliance, the Texas Orange Jackets, the Texas National Association for the Advancement of Colored People, Adaylin Alvarez, Morgan Bennett, Liz Kufour, Brianna Mallorie McBride, Desiree Ortega-Santiago, Nima Rahman, Alexandra Trujillo, and Rosaleen Xiong, through undersigned counsel, submit the below proposal concerning discovery and dispositive motions.

## PROCEDURAL HISTORY

This case concerns a challenge by Plaintiff Students for Fair Admissions, Inc. ("SFFA") to an undergraduate race-conscious admissions policy at the University of Texas at Austin ("UT-Austin"). SFFA asserts causes of action under the Equal Protection Clause and Title VI of the Civil Rights Act of 1964. *See* Am. Compl., Dkt. 13. On July 26, 2021, the Court dismissed with prejudice SFFA's claims as barred by *res judicata*. *See generally* ECF No. 56. SFFA appealed the decision, and on June 20, 2022, the U.S. Court of Appeals for the Fifth Circuit reversed and remanded the case. *See* 37 F.4th 1078. On remand, the parties stipulated that the case be stayed pending a Supreme Court decision on two cases also brought by SFFA concerning other universities' race-conscious admissions programs: *SFFA v. President and Fellows of Harvard College*, and *SFFA v. University of North Carolina at Chapel Hill*. Following the Supreme Court's decision in those cases on June 29, 2023, this Court lifted the stay. At a hearing on July 27, UT-Austin informed this Court and all parties that it no longer considers race in admissions, and it subsequently provided all parties with its written training materials to that effect.

## THE SUPREME COURT'S *HARVARD* DECISION

In *SFFA v. President and Fellows of Harvard College et al.*, 600 U.S. _, 143 S.Ct. 2141 (2023) ("*Harvard*"), the Supreme Court held that Harvard's and UNC's race-conscious admissions programs violated the Equal Protection Clause and Title VI. In ruling so, the Supreme Court did not hold that all race-conscious admissions programs in higher education are unconstitutional.

Rather, the Court reaffirmed the strict scrutiny analysis previously articulated in *Grutter v. Bollinger*, 539 U.S. 306 (2003), under which a university may consider race in admissions if it has a compelling interest to do so and its consideration of race is narrowly tailored to achieve that interest. 143 S.Ct. at 2162. The Court indicated that a race-conscious admissions program could be narrowly tailored if four criteria are met: (1) there exists a meaningful connection between the means the university employs and the goals they pursue; (2) the program does not use race as a negative; (3) the program's use of race does not reinforce racial stereotypes; and (4) the program has a logical end point. *See id.* at 2164-65. Ultimately, the Court found that Harvard's and UNC's respective programs could not survive strict scrutiny.

*Harvard* is also notable for what it does not foreclose. The decision does not impact admissions programs' ability to consider racial experiences, such as "an applicant's discussion of how race affected his or her life, be it through discrimination, inspiration, or otherwise." *Id.* at 2176. Universities also can continue to assess an applicant's mention of race in essay questions and other parts of an application so long as the applicant is "treated based on his or her experiences as an individual—not on the basis of race." *See id.* And the decision does not foreclose universities from continuing to pursue and support diversity through other means, such as adopting race-neutral admissions programs that consider factors like high school class rank, socioeconomic status and wealth, overcoming adversity, and first-generation college student status.

Nevertheless, immediately following the *Harvard* decision, SFFA purportedly sent letters to 150 universities providing an overly broad and inaccurate interpretation of the Supreme Court's holding and urging schools to eliminate the use and awareness of race in admissions altogether—along with access to any racial data.[1] Over the past eight weeks, SFFA and UT-Austin have

---

[1] *See* Scott Jaschik, *The Demands of Students for Fair Admissions*, Inside Higher Ed, July 13, 2013, available at https://tinyurl.com/3aap7sfv.

engaged in extensive communications concerning UT-Austin's modifications to its admissions procedures, and UT-Austin has devoted significant time and attention to the same. UT-Austin has confirmed to SFFA that it has removed race as a factor in admissions; that it will ensure that application reviewers do not know an applicant's race; and that UT will provide guidance and training to its admissions file reviewers before applicant review begins in September. It responded to several follow-up questions from SFFA and provided a written copy of its updated guidance to file reviewers. Unsatisfied, SFFA is threatening to use the instant litigation as a vehicle through which to continually monitor and challenge the sufficiency of any policy and measure UT-Austin has implemented in the wake of *Harvard*.

## INTERVENOR-DEFENDANTS' PROPOSED SCHEDULE

SFFA's case is based entirely on a *race-based* admissions program that UT-Austin has confirmed repeatedly is no longer in effect. As such, Intervenor-Defendants respectfully request that before the parties proceed with merits discovery and briefing, Intervenor-Defendants be permitted to move for dismissal of all claims based on mootness and other jurisdictional and threshold deficiencies. Intervenor-Defendants propose that a limited discovery period and summary judgment briefing take place *after* such threshold issues are resolved.

Article III of the U.S. Constitution requires that a court have before it an actual case or controversy at all stages of the judicial proceedings. A case is considered moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Com'n v. Geraghty,* 445 U.S. 388, 396 (1980) (internal quotation omitted); *see also Ctr. for Individual Freedom v. Carmouche,* 449 F.3d 655, 661 (5th Cir. 2006) ("Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot."). Events that can render a case moot mid-stream include when it becomes "impossible for a court to grant any effectual relief" and when it "deprives the plaintiff of 'a

personal stake in the outcome of the lawsuit.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160–61 (2016) (quoting *Knox v. Serv. Employees*, 567 U.S. _, 132 S.Ct. 2277, 2287 (2012); *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)). It is well-settled in the Fifth Circuit and elsewhere that "mootness is a threshold jurisdictional inquiry." *La. Env't Action Network v. U.S. Environ. Protection Agency*, 382 F.3d 575, 580 (5th Cir. 2004); *see also Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 335 (1980) ("The definitive mootness of a case or controversy . . . ousts the jurisdiction of the federal courts and requires dismissal of the case.").

Although district courts have broad discretion to control their docket and promote the efficient use of judicial resources, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936), they are nevertheless "obligated to address issues of jurisdiction, including mootness, prior to addressing the merits" of a case. *DeOtte v. State*, 20 F.4th 1055, 1064 (5th Cir. 2021) (internal quotation omitted); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). For that reason, courts in the Fifth Circuit regularly find that jurisdictional questions like mootness—even when they arise in the middle of a case—should be addressed immediately and before further expenditure of time and resources on the merits. *See, e.g.*, *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) ("The interest of judicial economy favors a stay because discovery and substantial expenses . . . may be needlessly incurred if the Fifth Circuit and/or Supreme Court rules that a rejected offer of complete relief moots Coker's claims."); *Alex A. by and through Smith v. Edwards*, No. 22-573, 2023 WL 100146, at *2 (M.D. La. Jan. 4, 2023) ("Allowing discovery to proceed prior to a determination of standing in this action would subject Defendants to undue burden or expense.").

Here, although the corrective measures taken by UT-Austin go beyond what is required by *Harvard*, the university has definitively removed race as a factor in its admissions decisions and

- 4 -

- 5 -

implemented such change prior to the 2023-2024 cycle, thus mooting the claims of SFFA and its associational standing members. It also has responded to extensive questioning from SFFA about issues that go beyond the questions of law or fact raised in this case. Intervenor-Defendants therefore propose the following schedule for dispositive motions and discovery going forward:

| | |
|---|---|
| Opening Rule 12(b) Motion(s) | 45 days after Court's order on case schedule |
| Response Brief(s) to Rule 12(b) Motion(s) | 30 days after Opening Rule 12(b) Motion(s) |
| Reply Brief(s) to Rule 12(b) Motion(s) | 21 days after Response Brief(s) to Rule 12(b) Motion(s) |
| Oral Argument on Rule 12(b) Motion (if requested) | 21 days after Reply Brief(s) to Rule 12(b) Motion(s), or as ordered by Court |

If the case is not resolved on the Rule 12(b) motion(s), Intervenor-Defendants propose that the parties thereafter meet and confer concerning a schedule for brief discovery followed by Rule 56(b) motions.

| | |
|---|---|
| Dated: September 6, 2023 | Respectfully submitted,<br><br> /s/ David Hinojosa<br>Brian C. Pidcock<br>State Bar No. 24074895<br>HUNTON ANDREWS KURTH LLP<br>600 Travis St.<br>Houston, TX 77002<br>Tel. (713) 220-4200<br>brianpidcock@HuntonAK.com<br><br>David Hinojosa<br>State Bar No. 24010689<br>LAWYERS' COMMITTEE FOR<br>CIVIL RIGHTS UNDER LAW<br>1500 K Street, NW, Suite 900<br>Washington, DC 20005<br>Tel. (202) 662-8600<br>dhinojosa@lawyerscommittee.org<br><br>Alan R. Kabat (pro hac vice)<br>Bernabei & Kabat, PLLC<br>1400 - 16th Street, N.W., Suite 500<br>Washington, D.C. 20036-2223<br>Tel. (202) 745-1942 (ext. 242)<br>Kabat@BernabeiPLLC.com<br><br>*Attorneys for Intervenor-Defendants* |

## CERTIFICATE OF SERVICE

On this the 6th day of September, 2023, I e-filed this document using the Court's CM/ECF system, which emailed a copy to all counsel on record requiring service.

 /s/ David Hinojosa