IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | 1:20-CV-763-RP |
| UNIVERSITY OF TEXAS AT AUSTIN, et al., | § § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is Plaintiff Students for Fair Admissions, Inc. ("SFFA") and Defendants the University of Texas at Austin, et al.'s ("UT-Austin") Joint Motion for Voluntary Dismissal. (Dkt. 107). SFFA and UT-Austin seek to dismiss this action under Rule 41(a)(2). (*Id*.). Defendant-Intervenors—eight individuals and three organizations—agree that dismissal is appropriate but express concern about the specific language used in SFFA and UT-Austin's stipulation of dismissal. (Dkts. 108, 110).

Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Generally, motions for voluntary dismissal should be freely granted, unless the non-moving party can show it would suffer some plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

Here, while Defendant-Intervenors have expressed concern that the language used by SFFA and UT-Austin "strongly implies that the changes made by UT-Austin regarding access to racial check-box data during the admissions process were required by the Supreme Court's decision in

1

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2025)," (Dkt. 110, at 1), the Court does not believe that a possible implication that could be read into the language used by two parties constitutes plain legal prejudice. Nor does the Court believe that imposing specific language on the dismissal here would be akin to dismissing with prejudice or "condition[ing] dismissal on the plaintiff's agreement not to bring a subsequent action, assert certain claims in another lawsuit, or make certain payments in a subsequent case," the examples that Defendant-Intervenors provide of courts tailoring conditions of dismissal to prevent unfair prejudice. (Dkt. 110, at 2–3). To be clear, the Court takes no position on the requirements of the Supreme Court's decision in *SFFA v. Harvard* in dismissing this case and recognizes that the parties continue to contest the meaning of that precedent. Instead, the Court's action here merely reflects the parties' agreement that this case should be dismissed.

Accordingly, **IT IS ORDERED** that this case is **DISMISSED** without prejudice, with each side to bear its own attorney's fees and costs.

**SIGNED** on January 14, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE